LARRY WILLIAMS A/K/A FRED WILLIAMS *v.* STATE OF INDIANA.

[No. 2-473A93. Filed March 6, 1974. Rehearing denied April 2, 1974. Transfer denied June 10, 1974.]

Marshall E. Williams, of Indianapolis, for appellant.

Theodore L. Sendak, Attorney General, Wesley T. Wilson, Deputy Attorney General, for appellee.

## I.

### STATEMENT ON THE APPEAL

STATON, J.—Larry Williams attempted to withdraw his waiver of jury trial which had been a part of his plea bargaining arrangement with the State.[1] For a plea of guilty, the State had agreed to file a second affidavit charging Williams with violation of the 1935 Firearms Act and to recommend at arraignment that Williams receive a determinate sentence of five years. The original affidavit would be nol-prossed by the State. The police officer refused to sign the second affidavit proposed by the State. At the time of his trial, Larry Williams advised the trial court that the waiver of jury trial was a compliance on his part with the plea bargain and that he now wished to withdraw the waiver. The trial court overruled the motion to withdraw the waiver of jury trial. Larry Williams was tried by the Court and found guilty of robbery. He was sentenced to a term of ten (10) to twenty-five (25) years.

Larry Williams filed an affidavit with his motion to correct errors which described the plea bargaining arrangements

---

1. Larry Williams had been charged in the original affidavit with possession of narcotics equipment and robbery under these statutes: IC 35-13-4-6; Ind. Ann. Stat. § 10-4101 (Burns 1956) and IC 35-24-1-2: Ind. Ann. Stat. § 10-3520 (Burns 1973 Supp.).

and the reason for their failure. No opposing affidavit was filed by the State. This motion to correct errors was overruled by the trial court. On appeal, the issue is whether the trial court abused its discretion.

Our opinion concludes that the trial court did abuse its discretion when it refused to allow the withdrawal of the jury trial waiver which had been the result of plea bargaining with the State. We reverse.

## II.

## STATEMENT OF THE FACTS

Larry Williams had been charged by affidavit with a violation of the 1935 Narcotics Act and the crime of robbery stemming from his alleged participation in the robbery of a White Castle restaurant in Indianapolis, Indiana.

Williams' trial on the two counts of the affidavit had been docketed and continued three times prior to September 11, 1972 when he appeared with counsel and entered a signed waiver of his right to trial by jury. The waiver was summarily accepted and trial by court was scheduled for October 12, 1972. After another continuance, Williams appeared before the trial court on October 19, 1972 for trial. Immediately prior to his trial, Williams moved to withdraw his waiver of jury trial which he explained had been predicated upon a plea bargain struck with the prosecutor's office but not consummated. The court replied that the right had been waived and upon further argument, stated that in its opinion, the prior waiver had not been made in reliance upon plea negotiations. The court made no further inquiry of the defendant, defense counsel or the prosecution concerning the nature and extent of the alleged plea bargain. Larry Williams was tried by court on both counts of the affidavit, found guilty of robbery, and sentenced to the Department of Corrections for a term of not less than ten (10) nor more than twenty-five (25) years.

Williams' motion to correct errors and affidavit filed with the trial court asserted that he had been denied a fair trial. The motion contended that Williams had consented to the waiver because of a plea bargain tentatively made with the prosecutor's office. This bargain called for the filing of a second affidavit charging Williams with a violation of the 1935 Firearms Act. Williams was to waive jury trial and to plead guilty to that charge at arraignment with the State agreeing to accept that plea, recommend a determinate sentence of five (5) years and nol-pros the charges in the first affidavit. The bargain failed when the police officer refused to sign the second affidavit.

## III.

## STATEMENT OF THE ISSUES

The issues presented on appeal by Larry Williams' motion to correct errors are:

ISSUE ONE: Did the trial court abuse its discretion and thereby deny Larry Williams a fair trial when it refused to investigate the nature and extent of the plea bargaining?

ISSUE TWO: Did the trial court in the light of pre-trial information and Larry Williams' affidavit abuse its discretion by overruling the motion to correct errors?

Our opinion concludes that both of the above issues should be answered in the affirmative.

## IV.

## STATEMENT ON THE LAW

The Indiana and the United States Constitution guarantee an accused the right to a trial by an impartial jury of his peers. Indiana Constitution, Art. 1, § 13; United States Constitution, Amendment Six and Amendment Fourteen. See also *Duncan* v. *Louisiana* (1968),

391 U.S. 145, 88 S. Ct. 1444, 20 L. Ed. 2d 491. The right to a trial by jury has been recognized by the Supreme Court of this State as an essential element of a criminal defendant's right to due process of law. *Kennedy* v. *State* (1972), 258 Ind. 211, 280 N.E.2d 611. A defendant may choose to forfeit this right by an appropriate waiver. *Patton* v. *United States* (1930), 281 U.S. 276, 50 S. Ct. 253, 74 L. Ed. 854. In Indiana, the availability of such a waiver is predicated upon the approval of the State and the court. See IC 35-1-34-1; Ind. Ann. Stat. § 9-1803 (Burns 1956).[2]

The waiver of any constitutionally protected right at the time of trial must be voluntary, knowing and intelligently made with sufficient awareness of the relevant circumstances surrounding its entry and its consequences. *Brady* v. *United States* (1970), 397 U.S. 742, 90 S. Ct. 1463, 25 L. Ed. 2d 747; *Johnson* v. *Zerbst* (1938), 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461; and *Lewis* v. *State* (1972), 259 Ind. 431, 288 N.E.2d 138. Waiver of one's right to trial by jury is no exception; the acceptance of its entry ". . . is not to be discharged as a matter of rote, but with sound and advised discretion." *Patton* v. *United States, supra,* 281 U.S. at 312, 50 S.Ct. at 263. We are not concerned here with a direct consideration of the standards to be employed by a trial court in the initial acceptance of such a waiver; but, we are concerned with the trial court's discretionary standard when it refused Larry Williams' attempt to withdraw his waiver.[3]

Williams repeatedly made requests to withdraw his waiver because of the breakdown in plea negotiations. When the

2. A similar procedure is followed in the federal courts. See Rule 23 (A) of the Federal Rules of Criminal Procedure.

3. We do note that the American Bar Association has proposed a rational standard to be implemented by trial courts in considering the entry of such a waiver. See Approved Draft, 1968, American Bar Association Standards Relating to Trial by Jury, Part I, page 7. A number of the federal courts of appeal have viewed these standards with favor. See *Estrada* v. *United States* (7th Cir. 1972), 457 F.2d 255 and the cases cited therein.

trial court expressed its opinion that the waiver of jury trial had not been based on a plea bargain, Williams' defense counsel retorted:

> "*Mr. Mullin:* Well, Judge, it was, and we've been here three times to try to effectuate the deal, and it has not been the Defendant's fault it was not effectuated."

The court made no further inquiries of Williams, his counsel or the prosecution concerning the alleged plea bargain. The following dialogue mirrors the persistence of defense counsel:

> "*Mr. Mullin:* Judge, we'll (inaudible) as long as the record shows that this man wants his case tried by jury.
>
> "*Court:* All right. Let the record reflect that Defendant now requests a trial by jury, but however, in writing, witnessed by counsel, Mr. Owen Mullin, on September 11, 1972, the Defendant waived a right to a trial by jury, when the Court was ready to provide him with such. You want to take—
>
> "*Mr. Mullin:* That was in line with the State's agreement, though, Judge, for a certain result in this case.
>
> "*Court:* Well, I'm well aware of the bargaining and—You want to take counsel tables, gentlemen?
>
> * * *
>
> "*Court:* Does the State desire to make an opening statement prior to presenting evidence?
>
> "*Mr. Cobb:* No, Your Honor, the State does not.
>
> "*Court:* All right. Does the Defendant desire to make an opening statement, Mr. Mullin?
>
> "*Mr. Mullin:* No, Your Honor.
>
> "*Court:* All right.
>
> "*Mr. Mullin:* Except he wants a trial by jury.
>
> "*Court:* I understand that.
>
> "*Mr. Mullin:* He'd like to withdraw that waiver.
>
> "*Court:* Would you call your first witness then?"

The last statement of the court reproduced above reflects the futility of defense counsel's efforts. Williams was tried by court, found guilty of the robbery charge and sentenced accordingly.

Although the full nature of the alleged plea bargain was not described prior to the October 19, 1972 bench trial of

Williams, the unopposed affidavit of defense counsel submitted to the trial court with Williams' motion to correct errors described the full nature and demise of the bargain struck. We must accept the contents of that affidavit on this appeal as true. *Scharbrough* v. *State* (1968), 249 Ind. 316, 232 N.E.2d 592. The affidavit reveals the following: Williams was to waive his right to trial by jury on the first affidavit and plead guilty to a lesser charge of a violation of the 1935 Firearms Act to be filed in a second affidavit. In return, the State had agreed to recommend a five (5) year determinate sentence on the new charge and *nolle prosequi* the first affidavit. The police officer refused to sign the second affidavit. It was never filed. Consequently, when Williams appeared before the trial court on October 19, 1972, he attempted to withdraw the prior waiver. The question for our determination is whether under these facts, the trial court abused its discretion.

The open use of plea bargaining as an effective tool in the administration of criminal justice is essential. *Santobello* v. *New York* (1971), 404 U.S. 257, 92 S. Ct. 495, 30 L. Ed. 2d 427; *Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7. Indiana has begun to develop a body of law for its fair and efficient use. See *Watson* v. *State* (1973), 261 Ind. 97, 300 N.E.2d 354 and *Moulder* v. *State* (1972), 154 Ind. App. 248, 289 N.E.2d 522. Most of this development has been with final plea bargaining agreements and the entry of guilty pleas. In *Dube* v. *State, supra,* our Indiana Supreme Court concluded that the trial court had abused its discretion in failing to investigate the circumstances surrounding the entry of a guilty plea after the discovery that a "deal" had been consummated. At issue was the trial court's responsibilities concerning the entry of a voluntary, intelligent and understanding plea. Speaking for the Court, Justice Hunter stated:

> "A judge should have an affirmative duty to make such an investigation when information comes to his attention that indeed a plea may have been induced by promises.

Equity and justice would demand it. . . . It is the trial court's duty to make a reasonable inquiry into the facts to discover whether a plea of guilty was entered freely and understandingly." *Dube* v. *State, supra,* 275 N.E.2d at 10.

In *Watson* v. *State, supra,* the Indiana Supreme Court issued similar admonishments concerning the acceptance of guilty pleas in connection with plea bargaining arrangements.

We are not concerned here with an attempt to withdraw a guilty plea predicated upon a consummated plea bargain, as was the Court in *Dube* v. *State* and *Watson* v. *State, supra.* The finality of a guilty plea constituting the waiver of a number of fundamental rights precludes the equation of such an act with the situation in the case before us. *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274; *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557; *Taylor* v. *State* (1973), 156 Ind. App. 659, 297 N.E.2d 896. Nevertheless, the same considerations of "equity and justice" evident to the Indiana Supreme Court in *Dube* and *Watson, supra,* are evident here.

The withdrawal of a waiver to a jury trial is within the discretion of the trial court. Withdrawal of the waiver is not a matter of constitutional right. *Davidson* v. *State* (1968), 249 Ind. 419, 233 N.E.2d 173. Judicial discretion, however, is not without its limits. Where it is apparent to the trial court that the waiver of the right to jury trial was possibly predicated upon a bargain struck with the prosecution, a duty of further inquiry arises. Here, the trial court failed to make that inquiry even when presented with the uncontested assertions of defense counsel. This was an abuse of discretion. Larry Williams was denied his right to a fair trial and due process of law.

## V.

## DECISION OF THE COURT

A trial court has an affirmative duty to make an investigation when information is received that a waiver of a consti-

tutional right was induced by promises emanating from plea bargaining negotiations. This investigation should be made a part of the record, and the trial court should determine the nature and extent of the promises which may have induced the waiver. Any failure to make such an investigation is an abuse of discretion on the part of the trial court.

There were repeated suggestions by defense counsel that the waiver of jury trial was the result of plea bargaining negotiations. An affidavit filed with the motion to correct errors fully explained the nature and extent of those negotiations. The trial court should have permitted the waiver of jury trial to be withdrawn. Its failure to do so after receiving this information was an abuse of discretion.

The judgment of the trial court should be and the same hereby is reversed with instructions to grant Larry Williams a new trial.

Hoffman, C.J. and Lybrook, J., concur.

NOTE.—Reported at 307 N.E.2d 880.