DENNIS E. CHAIN *v.* STATE OF INDIANA.

[No. 3-1174A194. Filed September 11, 1975.]

*Jack Murray,* Knox, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

PER CURIAM—The only issue presented for review by Dennis E. Chain's appeal from his conviction of possession of a dangerous drug[1] is whether the trial court erred in giving two instructions.

We affirm.

Objected-to Instruction 3 sets out the statutes defining and establishing the punishment for the offenses charged. Objected-to Instruction 11 consists of verdict forms. The essence of Chain's objections and argument on appeal is that these instructions should not have been given because the statute upon which they are based, Acts 1971, P.L. 212, § 4, as amended, IC 1971, 16-6-8-10 (Burns Code Ed.) is unconstitutional.

The statute provides, in relevant part, as follows:

> "Any person who violates any provision of this chapter, except the provisions of IC 1971, 16-6-8-7, shall upon conviction thereof, be imprisoned in the state prison not less than one (1) year or more than ten (10) years, and fined in any sum not exceeding one thousand dollars ($1,000); or for a first violation of paragraph c of IC 1971, 16-6-8-3 except where such person has been convicted for possession of more than twenty-five (25) grams of Cannabis Sativa or more than five (5) grams of hashish, such person may be imprisoned in the county jail or state penal farm for any determinate period of not less than thirty (30) days nor more than one (1) year and fined in any sum not exceeding five hundred dollars ($500)."

Chain contends this statute is unconstitutionally vague because it permits discretion in determining whether to impose punishment as a felony or as a misdemeanor without providing sufficient guidelines for the exercise of this discretion.

Chain's conviction of possession of cannabis sativa was

---

1. IC 1971, 16-6-8-3 (c), (Burns Code Ed.)

treated as a misdemeanor and he was sentenced to a term of 180 days at the Indiana State Farm and fined $500.

The constitutionality of a statute may be properly challenged only by a person who has been adversely affected by the asserted unconstitutionality. *State ex rel. Haberkorn* v. *DeKalb Circuit Court* (1968), 251 Ind. 283, 241 N.E.2d 62; *Bd. of Commr's* v. *Kokomo City Plan Comm.* (1975), 263 Ind. 282, 330 N.E.2d 92.

Since Chain was sentenced under the lesser of the two alternatives provided by the statute, he cannot show injury and thus cannot challenge constitutionality of this statute. *Lamb* v. *State* (1975), 263 Ind. 137, 325 N.E.2d 180.

The judgment of the trial court is affirmed.

NOTE.—Reported at 333 N.E.2d 792.