CHARLES D. FITZPATRICK *v*. STATE OF INDIANA.

[No. 3-475A59. Filed December 18, 1975.]

*Harriette Bailey Conn*, Public Defender of Indiana, *William B. Bryan*, Deputy Public Defender, for appellant.

*Theodore L. Sendak*, Attorney General, *Lawrence B. O'Connell*, Deputy Attorney General, for appellee.

HOFFMAN, J.—Petitioner-appellant Charles D. Fitzpatrick has brought this appeal from the denial of his petition for post-conviction relief. The petitioner asserted in such petition

as a ground for setting aside his guilty plea to the charge of carrying a pistol without a license,[1] that such plea was not knowingly, intelligently and voluntarily given.

The first issue raised by petitioner in this appeal is whether the record of the arraignment proceedings discloses an adequate advisement and waiver of certain of his constitutional rights before the entry of his guilty plea. Petitioner contends that the record of his arraignment is not sufficient to demonstrate a konwing and intelligent waiver of such constitutional rights as required by *Boykin* v. *Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. First, he asserts that he was not adequately advised of his constitutional right to confront his accusers, his right against compulsory self-incrimination and his right to a jury trial. Secondly, he asserts that the record must show that he was expressly informed that he would waive these rights by pleading guilty, and that the record does not disclose that he was so informed.[2]

However, the record reveals that Fitzpatrick was informed that he had a constitutional right "to have a public trial by an impartial jury in the county in which the offense shall have been committed." The record further discloses that the petitioner was informed that he had "the right to meet witnesses face to face", and was also told at the guilty plea proceedings that "[n]o person in any criminal prosecution shall be compelled to testify against himself."

In view of the foregoing, it must be concluded that the record before us establishes that Fitzpatrick was adequately advised of these constitutional rights. As stated in *Barron* v. *State* (1975), 164 Ind. App. 638, 330 N.E.2d 141, at 144:

---

1. IC 1971, 35-23-4-3, Ind. Ann. Stat. § 10-4736 (Burns 1956); this offense was recodified as of October 1, 1973, and is now IC 1971, 35-23-4.1-3, Ind. Ann. Stat. § 10-4751c (Burns Supp. 1975).

2. The disposition of these issues reached herein makes it unnecessary to decide petitioner's additional contention that immaterial evidence was erroneously admitted at this post-conviction hearing.

"Boykin v. Alabama, supra [(1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274] does not require that an accused be advised of his constitutional rights in the precise language of the United States Constitution, nor has this Court required advisement of rights in any special form." (Citation omitted.)

The record of this cause further demonstrates a proper waiver by the petitioner of these constitutional rights. *Boykin* v. *Alabama, supra,* does not require that the record of the guilty plea proceeding indicate that the accused was formally advised that entry of his guilty plea waives certain constitutional rights, nor does it require that the record contains a formal waiver of those rights by the accused.[3] Rather, as our Supreme Court has stated in *Williams* v. *State* (1975), 263 Ind. 165, 325 N.E.2d 827, at 832, the "essence of *Boykin* is that the record must affirmatively show that a defendant entering a guilty plea does so voluntarily and intelligently."

In the present case, the following exchange took place between petitioner and the trial court after he had been advised of his constitutional rights:

"JUDGE: Now you told me a little bit ago you were alright. Are you still alright?

"CHARLES F.: Yes, Sir.

"JUDGE: And you feel these proceedings, you understand them?

"CHARLES F.: Yes, Sir.

"JUDGE: And your mind is free and clear then?

"CHARLES F.: Yes.

"JUDGE: Alright. If you enter a plea then on

3. *Cf:* IC 1971, 35-4.1-1-3(c) (Burns Code Ed.), which took effect subsequent to the entry of petitioner's guilty plea. However, such an advisement and a formal waiver are not constitutionally required. *Lockett* v. *Henderson* (5th Cir., 1973), 484 F.2d 62, 63, *Cert. denied,* 415 U.S. 933, 94 S.Ct. 1448, 39 L.Ed.2d 492; *McChesney* v. *Henderson* (5th Cir., 1973), 482 F.2d 1101, 1106. *Cert. denied,* 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102; *Stinson* v. *Twiner* (10th Cir., 1973), 473 F.2d 913, 915-16; *Wade* v. *Coiner* (4th Cir., 1972), 468 F.2d 1059.

this charge of carrying a pistol without a license, would your plea be made of your own free will?

"CHARLES F.: Yes.

* * *

"JUDGE: Alright. Now, as you know, you are entitled to a hearing and trial as quickly as it can be done without unreasonable or unnecessary delay. If you enter a plea of not guilty, we will afford you an early trial, and especially would we take into consideration the fact that you are being held in custody. You know that.

"CHARLES F.: Yes, sir."

Fitzpatrick then entered his guilty plea. As would any reasonable individual, Fitzpatrick must have understood that if he pleaded guilty he would not be entitled to a trial, and that there would be no opportunity for him to confront his accusers or further exercise his right against self-incrimination. Moreover, such a conclusion is compelled in the case at bar by the following colloquy between the petitioner and the trial court:

"JUDGE: You know that if you plead not guilty you would have a jury trial, don't you?

"CHARLES F.: Yes, Sir.

"JUDGE: Alright. Now if you should enter a plea of guilty and the Court should accept your plea and find you guilty, it would then be the duty of the Court to assess a penalty for the crime charged. * * *.

"CHARLES F.: Yes, Sir."

The record before this court discloses that Fitzpatrick's guilty plea was both voluntarily and understandingly entered in conformity with *Boykin* v. *Alabama, supra.*

Petitioner also contends that the trial court erroneously failed to establish a factual basis for his plea as required

by *Brimhall* v. *State* (1972), 258 Ind. 153, 279 N.E.2d 557, and Ind. Rules of Procedure, Criminal Rule 10.[4] Our Supreme Court held in *Brimhall* that there is a rule of constitutional dimension in requiring that "the trial judge must put on the record facts which indicate the status of the plea," to assist such judge in making the constitutionally required determination that a defendant's plea is voluntary, and to produce a record of the factors relevant to such determination. (At 163 of 258 Ind., at 564 of 279 N.E.2d.) The thrust of this rule is that the record of a guilty plea proceeding must reveal facts sufficient to serve as a basis for the constitutionally required determination by the trial court that the defendant is waiving his rights and entering his plea free from ignorance, coercion or artifice. *Williams* v. *State, supra* (1975), 263 Ind. 165, 325 N.E.2d 827, 833.

Among the factors normally relevant to such determination are whether the defendant has consulted with counsel, his apparent comprehension of the proceedings and the charge against him, whether it appears that his plea is the result of plea bargaining, and whether it appears that he has committed the acts with which he was charged. *See, Brimhall* v. *State, supra; Dube* v. *State* (1971), 257 Ind. 398, 275 N.E.2d 7; *Campbell* v. *State* (1951), 229 Ind. 198, 96 N.E.2d 876; *Williams* v. *State* (1974), 159 Ind. App. 470, 307 N.E.2d 880 (transfer denied).

In the case at bar, the record reveals that petitioner understood the nature of the guilty plea proceeding, that he responded to questions in an alert and coherent manner, and that he was carefully advised of his rights, the charge against him, and the statute prohibiting such conduct. The record further reveals that petitioner consulted with counsel and acknowledged having committed the

---

4. See also: IC 1971, 35-4.1-1-4(b) (Burns Code Ed.), which took effect subsequent to the entry of petitioner's guilty plea.

acts with which he was charged. There can be no question that the trial court had before it a sufficient factual background from which to determine the voluntariness of petitioner's plea.

The judgment of the trial court is affirmed.

Garrard, J., concurs; Staton, P.J., concurs in result with opinion.

## CONCURRING OPINION

STATON, P.J.—Fitzpatrick contends that he should be allowed to withdraw his guilty plea because the trial court failed to establish a factual basis for his plea. The affidavit charging Fitzpatrick with carrying a pistol without a license was read to him at his arraignment. Furthermore, the trial court questioned him as to whether he did in fact commit the offense. I concur in result because I believe, under the facts of this case, that the trial court's ascertainment of the factual basis for the plea was sufficient, and Fitzpatrick has shown no prejudice because of the trial court's minimal compliance in establishing a factual basis. The constitution does not mandate a separate factual basis for the plea of guilty. It does require a sufficient factual basis to establish the entry of a guilty plea made voluntarily, knowingly, and understandingly. See, *e.g.*, *Roddy* v. *Black* (6th Cir. 1975) 516 F.2d 1380; *People* v. *Neuhalfen* (1975), 29 Ill. App.3d 461, 331 N.E.2d 347. As pointed out in the majority opinion, ". . . the trial court had before it a sufficient factual background from which to determine the voluntariness of petitioner's plea."

However, I would not agree that the reading of the indictment coupled with an admission by the accused that he committed the acts charged would be sufficient to establish a factual basis for a guilty plea in every case.[1]

NOTE.—Reported at 338 N.E.2d 509.

---

1. The American Bar Association Standards for Criminal Justice, Standards Relating to Pleas of Guilty § 1.6 and Commentary (1968) provide:

"1.6 Determining accuracy of plea.

Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as may satisfy it that there is a factual basis for the plea."

\* \* \*

". . . First and foremost, inquiry [into the factual basis for the plea] ensures that the defendant actually committed a crime at least as serious as the one to which he is willing to plead. Secondly, investigation into the factual basis of guilty pleas acts to increase the visibility of charge reduction practices, a common form of plea agreement. In addition, these inquiries provide a more adequate record of the conviction process; this record minimizes the chances of a defendant successfully challenging his conviction later, *e.g.*, see McGrady v. Cunningham, 296 F.2d 600 (4th Cir. 1961), and also aids correctional agencies in the performance of their functions. Finally, increased knowledge about the circumstances of the defendant's offense provides the court with a better assessment of defendant's competency, his willingness to plead guilty, and his understanding of the charges against him. . . ."