Terry L. PERRY, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1–1179A335.

Court of Appeals of Indiana,
First District.

March 17, 1980.

Harriette Bailey Conn, Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for defendant-appellant.

Theo. L. Sendak, Atty. Gen., Stephen J. Cuthbert, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

RATLIFF, Judge.

### STATEMENT OF THE CASE

Terry L. Perry was convicted of the offense of second degree burglary following a court trial without a jury. He appeals from said conviction. We affirm.

### STATEMENT OF THE FACTS

Perry was charged with the offense of second degree burglary by affidavit filed on May 1, 1974, charging him with the burglary of the office of one Hubert R. Rusk, M.D., in Wallace, Indiana, on April 29, 1974. Counsel was appointed to represent him and he entered a plea of not guilty on May 16, 1974. Subsequently, Perry's motion for

change of judge was granted, a special judge was appointed, and on February 11, 1975, Perry, in open court, elected to be treated as a drug abuser and waived his right to trial by jury and to a speedy trial. The court found him eligible for treatment and referred him to the Indiana Department of Mental Health pursuant to statute.[1] The Department of Mental Health, Division of Addiction Services, filed their report on June 4, 1975, and on June 6, 1975, the court placed Perry under the supervision of the Department for a period of not to exceed three years for treatment, which order, pursuant to statute, provided that if Perry successfully completed the treatment program that the charge would be dismissed. On June 30, 1975, the Department notified the court that Perry had left the treatment center without authorization which was a breach of treatment conditions, and, therefore, he was no longer treatable from a medical standpoint. On July 13, 1975, the court ordered a warrant issued for Perry's arrest. Prosecution was then resumed, and on February 11, 1976, the date set for trial, Perry moved for trial by jury, which motion was overruled on the ground that Perry had waived jury trial when he elected to be treated as a drug abuser. Trial proceeded before the court resulting in Perry's conviction.

The evidence most favorable to the State revealed that Perry and another man were observed walking from an automobile to Dr. Rusk's office at about 2:00 a. m. The witness then observed a flickering light in the office and the Indiana State Police were called. The men left the office and stood by the automobile. When they entered the car, the dome light came on, and the witness observed that the man on the passenger side was wearing a pink shirt and the driver's shirt was light in color. The license number of the car was recorded as the car left the scene, striking a garage at the end of the alley. Dr. Rusk's office had been broken into, the front door glass was bro-

ken, burned matches littered the floor, and the office had been ransacked. Officers proceeded to the residence of one Regina Linker and discovered the automobile there. The hood of the vehicle was warm. The officer knocked at the door. Perry answered, wearing a pink T-shirt, and shouted something to the effect: "The cops. Flush it."

Witness Terry Mattingly testified that he had been at a party at the Linker residence on April 29, 1974, and that he overheard Perry and Randy Smith talking about planning to break into a doctor's office in Wallace. The witness further stated that he saw Perry and Smith leave the Linker house about 12:30 to 1:00 a. m., that they returned carrying a box or dark bag of some kind, and that they later sorted drugs from this box or bag. A written statement given to the police by a witness Michael Morton, which statement was admitted in evidence, without objection, after Morton's testimony, and which statement Morton contended was coerced by the police, stated that Smith and Perry were at the Linker party; that they talked about breaking into a doctor's office; that they left and returned carrying a black bag; that the police came to the door and Perry shouted to Smith to "flush it down the toilet."

## ISSUES

1. Whether the trial court abused its discretion in denying Perry's request for a jury trial.

2. Whether there was sufficient evidence to support the conviction.

## DECISION

*Issue One*

Perry contends that his waiver of jury trial was not voluntary since it was based upon mere speculation that he would be accepted into the drug abuse treatment program, successfully complete the program,

1. The statute pertaining to election of treatment in lieu of prosecution then in effect was IC 16-13-7.5-17. The statute has been amended and is now IC 16-13-6.1-17. The amend-

ments are not material to the issues in this case. Both parties have cited the statute as IC 16-13-6.1-17 in their briefs.

and therefore have the charge dismissed. He asserts that since he did not complete the program and obtain a dismissal of the charge that he should have been allowed to withdraw his waiver of jury trial and that the court abused its discretion and committed reversible error in denying his motion for jury trial made at the commencement of the trial. We do not agree.

An accused has a fundamental right to trial by jury guaranteed by both the State and Federal Constitutions. (Article I, Section 13, Indiana Constitution; United States Constitution, Amendments 6 and 14.) *Sharpe v. State*, (1977) Ind.App., 369 N.E.2d 683, 685; *Wadlington v. State*, (1975) 164 Ind.App. 255, 328 N.E.2d 458; *Stevenson v. State*, (1975) 163 Ind.App. 399, 324 N.E.2d 509. The right to jury trial may be waived, provided such waiver is made knowingly, voluntarily, and intelligently. *Sharpe v. State, supra; Wadlington v. State, supra; Stevenson v. State, supra.* It has also been said that such waiver must be voluntarily, knowingly, and intelligently made with sufficient awareness of the relevant circumstances surrounding its entry and its consequences. *Sharpe v. State, supra; Kindle v. State*, (1974) 161 Ind.App. 14, 313 N.E.2d 721. Once jury trial has been effectively waived, an accused has no constitutional right to withdraw the waiver, but withdrawal of the waiver rests in the sound discretion of the trial court. *Sharpe v. State, supra; Stevenson v. State, supra.*

In this case, Perry elected to submit to treatment as a drug abuser in lieu of prosecution. The applicable statute [2] provides as follows:

" * * * In offering an individual an election, the court shall advise him that (a) if he elects to submit to treatment and is accepted, he may be placed under the supervision of the department for a period not to exceed three [3] years; (b) during treatment he may be confined in an institution or, at the discretion of the department, he may be released for treatment or supervised aftercare in the community; (c) if he completes treatment, the charge will be dismissed, but if he does not, prosecution on the charge may be resumed; (d) such an election constitutes a formal waiver of the right to a speedy trial; (e) *to make such an election he must waive a jury trial and consent to a trial by the court* with the general finding to be entered by the court to be deferred until such time as prosecution is authorized under this section to be resumed. * * * " (Emphasis added.)

Here the order of the court entered on February 11, 1975, states:

" * * * The defendant now in open court in person and by counsel orally elects to be treated as a drug abuser and specifically in open court waives his right to trial by jury and waives his right to a speedy trial. * * * "

Perry has not provided us with a transcript of the February 11, 1975, hearing. We will presume that the court followed the statute and advised Perry as required by statute. Perry has not contended that the court failed to advise him of the matters required by statute, including that he had to waive jury trial to make the election to seek treatment as a drug abuser. In fact, Perry, in his brief, concedes that he waived his right to jury trial as required by the statute. Perry's sole contention on this issue is that his waiver was not voluntary since it was induced by the speculation that he would be accepted and successfully complete the drug abuse treatment program and, thus, earn dismissal of the criminal charge. He relies on *Williams v. State*, (1974) 159 Ind.App. 470, 307 N.E.2d 880, to support his argument that he should have been permitted to withdraw his waiver of jury trial.

In *Williams v. State, supra*, the jury trial waiver was executed as part of plea bargaining negotiations wherein the State would file a lesser second charge and dismiss the greater charge. The agreement was never consummated because the police officer refused to sign the second affidavit. Thus, the plea bargain was thwarted by

---

2. Then IC 16–13–7.5–17, now IC 16–13–6.1–17.

708

action of the State, not as the result of conduct of the defendant. In the factual situation there involved, this court held that Williams should have been permitted to withdraw his waiver of jury trial.

 In contrast to the *Williams* case, here, Perry obtained the benefit of his election to seek treatment as a drug abuser. To do so, under the statute, he had to waive jury trial, and did do so, presumably under advice by the court as required by the statute. If he successfully completed the program, the criminal charge would be dismissed, thereby conferring a substantial benefit upon Perry in exchange for his waiver of jury trial—in fact, a greater benefit than Williams would have received from his unsuccessful plea bargain. But unlike Williams, Perry's benefit was not denied him by action of the police, but rather by his own action in leaving the treatment program without authorization. Thus, Perry's contention that his waiver of jury trial was not voluntary because induced by speculation that he would complete the treatment program is without merit.

The trial court did not abuse its discretion in refusing to permit Perry to withdraw his waiver of jury trial. There is no error on this issue.

*Issue Two*

Perry next contends that the evidence is insufficient to support his conviction.

 It is clear that when the sufficiency of the evidence to support a conviction is raised on appeal, this court will consider only that evidence of probative value most favorable to the State, and if that evidence, together with all reasonable inferences drawn therefrom, constitutes substantial evidence of probative value which supports the judgment, the conviction will be upheld. *Henderson v. State*, (1976) 264 Ind. 334, 343 N.E.2d 776; *Rosell v. State*, (1976) 265 Ind. 173, 352 N.E.2d 750; *Baum v. State*, (1976) 264 Ind. 421, 345 N.E.2d 831; *Conard v. State*, (1977) Ind.App., 369 N.E.2d 1090.

 The evidence most favorable to the State, as set forth in the statement of facts,

is clearly sufficient to support the conviction.

Judgment affirmed.

ROBERTSON, P. J., and NEAL, J., concur.