**Michael Scott McCOLLUM, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1279S340.**

Supreme Court of Indiana.

Dec. 31, 1980.

Barrie C. Tremper, Public Defender, Fort Wayne, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Michael Scott McCollum was found guilty by a judge of two counts of second degree murder. The court sentenced appellant to an indeterminate term of not less than fifteen (15) years nor more than twenty–five (25) years on Counts I and II, the sentences to run concurrently.

The evidence most favorable to the state reveals that on Friday afternoon, February 4, 1977, appellant called a friend and told him that appellant's parents would be leaving town at midnight that evening. He told his friend that he could "borrow" his parents' car without their permission. In fact the evidence showed that the parents had no intention of leaving town that night.

At about midnight that night, appellant went into his parents' bedroom and shot and killed both of them with a .22 caliber rifle. Next he took two shells from the rifle, inserted them into a hand gun which he then placed in his father's hand to make it appear that his father had killed appellant's mother and then committed suicide.

Appellant claims the judgment of the court below was contrary to law in that the evidence introduced was of such character as to create a reasonable doubt as to whether the accused was sane at the time the crime was committed. We note that at the time appellant committed the offense the State was required to carry the burden of proving the accused was sane at the time of the alleged crime. *Lynn v. State*, (1979) Ind., 392 N.E.2d 449.

When the sufficiency of the evidence is challenged on appeal, this Court will consider only that evidence most favorable to the State, together with all logical and reasonable inferences to be drawn therefrom. *Charlton v. State*, (1980) Ind., 408 N.E.2d 1248. This Court will not reweigh evidence nor judge the credibility of the witnesses. Such is the province of the jury. *Hauger v. State*, (1980) Ind., 405 N.E.2d 526, 528. Although, in the instant case, appellant was tried by a court and not a jury, the standard of review is the same. *Patterson v. State*, (1970) 255 Ind. 22, 262 N.E.2d 520.

Two psychiatrists testified for the defense. Both of these doctors testified that appellant was insane and could not conform his conduct to the law; that he had no control over his actions.

However, a psychiatrist for the State testified that the defendant was sane at the time of the murder. This witness personally interviewed the appellant and had examined other medical and psychological data pertaining to the appellant's mental condition both before and after the time of the murder.

It is clear that the decision of the trial court required a resolution of conflicting evidence concerning the sanity of the appellant. The trier of fact may accept or reject the testimony of witnesses, including that of expert witnesses. *Sypniewski v. State*, (1977) 267 Ind. 224, 232, 368 N.E.2d 1359, 1364. This Court will not second-guess the trier of fact and reweigh the evidence. *Lock v. State*, (1980) Ind., 403 N.E.2d 1360, *Hauger v. State*, (1980) Ind., 405 N.E.2d 526. There is sufficient evidence in the record before us to sustain the decision of the trial court.

The judgment of the trial court is in all things affirmed.

All Justices concur.