Steven Ray PIER, Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 3–682A130.

Court of Appeals of Indiana, Third District.

March 22, 1983.

Rehearing Denied May 23, 1983.

Milo W. Lightfoot, Warsaw, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Steven Ray Pier (Pier) appeals his convictions of driving under the influence of alcohol, attempted escape, and battery.

At approximately 2:00 a.m. on April 3, 1982 Deputy Brindle (Brindle) of the Kosciusko Sheriff's Department was dispatched to Beer Road east of Milford, Indiana to investigate a stranded car. There Brindle found Pier and a companion attempting to pull the car out of a ditch with another vehicle. Upon talking to Pier, Brindle observed that Pier's eyes were glassy and his speech slurred. Pier staggered when he walked and had a strong odor of alcohol on his breath.

Brindle ordered Pier into the squad car and informed him that he was under arrest for public intoxication. After refusing to take a Breathalyzer test, Pier got out of the car and began to walk away. Brindle and two Syracuse Police Department officers who had arrived at the scene stopped Pier and returned him to the squad car. When Brindle began a pat down search of Pier, Pier struck him in the temple. A scuffle followed, and it required all three officers to subdue Pier.

On April 9, 1981 Pier was charged by information with (1) driving under the influence of alcohol, a Class D felony; (2) attempted escape, a Class C felony; and (3) battery, a Class D felony. On June 19 Pier requested treatment as an alcoholic in lieu of prosecution as permitted by IC 16–13–6.-1–16 *et seq.* The trial court found Pier eligible to request treatment from the Department of Mental Health (Department), but on July 20 the Department denied him admission to the treatment program.

Pier was tried without a jury on December 9, and on January 5, 1982 he was found guilty of each charge. Pier was sentenced to two years imprisonment for DUI, eight years for attempted escape, and four years for battery. The sentences were to be served concurrently.

Pier raises five issues in this appeal:

(1) Was his waiver of right to jury trial rendered involuntary by the fact that the trial judge found him eligible to request treatment in lieu of prosecution when in fact the statute specifically excluded him?

(2) Does IC 16–13–6.1–16 *et seq.* violate the equal protection and due process guarantees of the United States and Indiana Constitutions?

(3) Did the trial court commit reversible error in allowing Pier to be tried in shackles and handcuffs?

(4) Was Pier properly sentenced for his offense of driving under the influence of alcohol?

(5) Was there sufficient evidence to convict Pier of attempted escape and battery?

Prior to trial Pier requested treatment as an alcoholic in lieu of prosecution. This request is authorized by IC 16–13–6.1–16, which states:

> "A drug abuser or alcoholic charged with or convicted of a felony may request treatment under the supervision of the department instead of prosecution or imprisonment . . . ."

The opportunity to make such a request is conditional, however. IC 16–13–6.1–17(a)(5) states:

"In offering an individual an opportunity to request treatment, the court shall advise him that:

\*   \*   \*   \*   \*   \*

(5) to make such a request he must waive a jury trial and consent to a trial by the court or enter a guilty plea, with the general finding to be entered by the court to be deferred until such time as prosecution may be resumed."

Further, the opportunity to request treatment is not available to certain persons. IC 16–13–6.1–16(1) provides that treatment is not available to one charged with:

"... a forcible felony or burglary classified as a Class A or Class B felony."

Upon receiving Pier's request, the trial judge found Pier eligible to request treatment, IC 16–13–6.1–17(a), and pursuant to subsection (b) ordered the Department to examine Pier to determine whether he was an alcoholic and would likely be rehabilitated through treatment. The Department refused Pier's request because he was charged with battery, a forcible felony, and thus was ineligible to request treatment. Proceedings were then re-commenced against Pier, and he was subsequently tried without a jury.

■ We commence by noting the well-established law in Indiana that a criminal defendant has a fundamental right to trial by jury and that such right may be waived if the waiver is voluntarily made. *Perry v. State* (1980), Ind.App., 401 N.E.2d 705, 707; *Williams v. State* (1974), 159 Ind.App. 470, 307 N.E.2d 880, 882–3.

Pier now argues that because the trial court erroneously found him eligible to request treatment his waiver of jury trial could not have been voluntary.

Nothing in the record discloses whether the trial judge interpreted the "Class A or Class B felony" requirements of IC 16–13–6.1–16(1) to modify both "burglary" and "forcible felony," or whether he merely certified the request to determine whether the Department would so interpret the provision.[1] No appeal was taken from the Department's determination and the question is not before us now.

The form on which Pier applied for alternative treatment contained an express waiver of Pier's right to trial by jury. The waiver appeared in italics and there has been no suggestion made that Pier misunderstood his rights or the effect of the waiver provision.

■ When the determination of ineligibility was returned to the court, it proposed to set the case for trial. Pier made no objection whatever. He did not suggest that his waiver was invalid. He did not indicate that he desired to be tried by jury. He did not object to the judge's order setting the case for trial to the court. Thus, in the absence of any contemporaneous objection to the continued validity of his express waiver, we may not reach the question of whether the court should have permitted it to be withdrawn. No error was preserved for appeal. *Gosnell v. State* (1978), 268 Ind. 429, 376 N.E.2d 471.[2]

For this same reason we conclude that Pier lacks standing for his constitutional challenges to the statute. *Chain v. State* (1975), 165 Ind.App. 631, 333 N.E.2d 792. We note, however, that in *Murphy v. State* (1976), 265 Ind. 116, 352 N.E.2d 479 the court found the statute did not violate the equal protection guarantee. Furthermore, Pier's due process argument was impliedly rejected in *Perry v. State* (1980), Ind.App., 401 N.E.2d 705.

■ Pier next argues that it was reversible error for the court to permit him to be tried while handcuffed and manacled. To support this argument Pier cites *Walker v. State* (1980), Ind., 410 N.E.2d 1190. In that case our Supreme Court reversed three defendants' convictions where they appeared before the jury in handcuffs and leg irons

---

1. The forcible felony (battery) with which Pier was charged was a Class D felony.

2. Once jury trial has been properly waived, there is no constitutional right to withdraw the waiver. *Perry v. State* (1980), Ind.App., 401 N.E.2d 705.

without any apparent justification for the restraints.

Although courts have recognized that handcuffs and manacles are proper in certain situations,[3] they have also recognized the prejudicial effect appearing in court in restraints may have on a defendant's right to a fair trial. The United States Supreme Court, for example, said in *Illinois v. Allen* (1970), 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353.

> "Trying a defendant for a crime while he sits bound and gagged before the judge and jury would to an extent comply with that part of the Sixth Amendment's purposes that accords the defendant an opportunity to confront the witnesses at the trial. But even to contemplate such a technique, much less see it, arouses a feeling that no person should be tried while shackled and gagged except as a last resort... [It is] possible that the sight of shackles and gags might have a significant effect on the jury's feelings about the defendant."

In *Walker v. State* (1980), Ind., 410 N.E.2d 1190, 1193, our Supreme Court wrote:

> "The rule that a prisoner brought into court for a trial is entitled to appear free from all bonds or shackles is an important component of a fair and impartial trial."

(quoting *Woodards v. Cardwell* (6th Cir. 1970), 430 F.2d 978, 982, *cert. denied* (1971), 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809).

*Allen, Woodards,* and *Walker* are inapposite to the present case, however, because each involved the possible prejudicial effect of a defendant appearing in restraints *before a jury*. Pier was tried by the court, and we believe that a trial judge, unlike a lay jury, can be presumed to retain his impartiality whether the defendant appears in court bound or unbound. Therefore, because Pier cannot establish any actual prejudice, we find no error.

■ Pier contends it was improper for the trial court to treat his conviction for driving under the influence of alcohol as a Class D felony rather than as a Class A misdemeanor. On April 3, 1981, the date of the events that led to Pier's arrest, IC 9–4–1–54 read:

> "(b)(1) A person who operates a vehicle while intoxicated commits a Class A misdemeanor. However, the offense is a Class C felony if it results in the death of another person and is a Class D felony if the person convicted has a previous conviction under this section."

Subsequent to Pier's arrest and the filing of the information against him but before trial, the legislature amended [4] this statute to read:

> "A person who operates a vehicle while intoxicated commits a Class A misdemeanor. However, the offense is a Class C felony if it results in the death of another person and is a Class D felony if:
>
> (1) the person is also charged in the indictment or information with having a previous conviction under this section, if that previous conviction occurred after June 30, 1978;"

The effect of the amendment is to limit the prior convictions that may be considered for the purpose of elevating the classifica-

**3.** *See Illinois v. Allen* (1970), 397 U.S. 337, 343–44, 90 S.Ct. 1057, 1060–61, 25 L.Ed.2d 353:

" 'It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly.' *Woodards v. Cardwell* (6th Cir. 1970), 430 F.2d 978, 982, *cert. denied* (1971), 401 U.S. 911 [91 S.Ct. 874, 27 L.Ed.2d 809], (shackles permissible to prevent the escape of the accused, to protect everyone in the courtroom, and to maintain order during the trial.)"

**4.** The current version of IC 9–4–1–54 was approved April 30 and became effective September 1, 1981.

tion of a defendant's offense. Whereas the prior statute allowed any previous conviction to be considered, the current one permits consideration of only those convictions occurring after June 30, 1978.

The record discloses that Pier had been twice previously convicted of driving under the influence of alcohol, but neither conviction occurred after June 30, 1978. Thus whether the present charge against Pier can be treated as a Class D felony depends on which statute governed his conduct.

Pier argues that when a statute is amended after the offense was committed but prior to sentencing, the amended version should apply retroactively. We do not agree. In *Shelton v. State* (1979), Ind.App., 390 N.E.2d 1048, 1051, this court rejected an identical argument, stating:

" 'Statutes are to be construed as having prospective operation unless legislative language clearly indicates the statute was intended to be retrospective. *Malone v. Conner* (1963), 135 Ind.App. 167, 189 N.E.2d 590; therefore, as a general rule, we apply the statute which is in effect when the crime is committed. *Wolfe v. State* (1977), [173 Ind.App. 27], 362 N.E.2d 188.' *State v. Turner* (1978) [178] Ind.App. [562], 383 N.E.2d 428." ·

Pier's attempt to distinguish *Shelton* is unpersuasive. He was properly charged and sentenced under the statute in effect at the time of his crime.

Finally, Pier challenges the sufficiency of the evidence with regard to his convictions for attempted escape and battery. Pier claims that he cannot recall either walking away from the squad car or striking Deputy Brindle and that due to his intoxicated state he was incapable of forming the intent to escape or commit battery.[5]

The rules for reviewing a defendant's claim on appeal that there was insufficient evidence to convict are well established in Indiana. We may neither reweigh the evidence or redetermine questions of credibili-

ty. *McCollum v. State* (1980), Ind., 413 N.E.2d 912, 913.

Indiana's escape statute provides:

"A person who intentionally flees from lawful detention or intentionally fails to return to lawful detention following temporary leave granted for a specified purpose or limited period commits escape, a Class D felony. However, the offense is a Class C felony if, while committing it, the person draws or uses a deadly weapon or inflicts bodily injury on another person."

IC 35–44–3–5. The general attempt statute, IC 35–41–5–1, requires that the accused engage in "conduct that constitutes a substantial step toward commission of the crime." It also requires the same degree of culpability required for the commission of the crime. IC 35–44–3–5 requires that a person must intentionally flee from detention. Although we agree with Pier that the state must establish the existence of every element of an offense, including intent, beyond a reasonable doubt, we do not agree with Pier's contention that the state failed to prove that he intended to escape detention.

Our Supreme Court has said:

"It is well established law in Indiana that intent is a question of fact to be determined by the trier of fact from all the evidence. *Stanley v. State* (1969), 252 Ind. 37, 245 N.E.2d 149, *Tait v. State* (1963), 244 Ind. 35, 188 N.E.2d 537. Furthermore, intent may be inferred from circumstances which legitimately permit it. *Stanley v. State, supra; Young v. State* (1971), [257 Ind. 173], 273 N.E.2d 285; *Robinson v. State* (1971), [257 Ind. 38], 271 N.E.2d 727."

*Gulley v. State* (1973), 156 Ind.App. 15, 294 N.E.2d 630, 631.

■ We conclude that there was sufficient evidence from which the trial judge could have concluded that Pier intended to attempt an escape. After being informed that he was under arrest and told to sit in

5. Voluntary intoxication is not a defense in this state except that evidence of intoxication may be introduced to negate mens rea when de-

scribed in the statute by the phrase "with intent to" or "with an intention to." IC 35–41–3–5.

the squad car, Pier exited the car and walked approximately twenty feet before he was stopped. There is testimony in the record to the effect that Pier declared he would not go to jail. From these facts the trial court could properly conclude that Pier's movement away from the squad car was the product of an intent to escape detention rather than of alcohol-induced disorientation.

■ Similarly, Pier argues that his inebriated state precluded him from forming an intent to commit battery. Again we disagree.

IC 35–42–2–1 defines the offense of battery:

"A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery, a Class B misdemeanor. However, the offense is:

\*  \*  \*  \*  \*  \*

(2) a Class D felony if it results in bodily injury to:

(A) a law enforcement officer or a person summoned and directed by a law enforcement officer while the officer is engaged in the execution of his official duty;"

Both Deputy Brindle and Officer Knipsel testified that when Brindle attempted to conduct a pat down search on Pier, Pier spun free and struck Brindle on the temple. Pier then declared that he would have to be taken forcibly. From these facts the trial court could properly conclude that Pier intended to touch Brindle in a "rude, insolent, or angry manner."

The judgment of the trial court is affirmed.

HOFFMAN, P.J., concurs.

STATON, J., dissents and files separate opinion.

STATON, Judge, dissenting.

I respectfully dissent from the views expressed in the majority regarding two of the issues raised in this appeal. First, it is my view that the waiver of jury trial which Pier executed in expectation of treatment as an alcohol abuser was not a valid waiver because he was ineligible for such treatment. Second, IC 1976, 9–4–1–54 (Burns Code Ed., Supp.1982), amended before Pier's trial, is ameliorative in effect, and therefore should have been applied.

I.

Waiver of Jury Trial

The right to trial by jury is "fundamental to the American scheme of justice." *Duncan v. Louisiana* (1968), 391 U.S. 145, 149, 88 S.Ct. 1444, 1447, 20 L.Ed.2d 491. A waiver of this right must be made in a knowing, intelligent, and voluntary manner, with sufficient awareness of the surrounding circumstances and the consequences. *Perry v. State* (1980), Ind.App., 401 N.E.2d 705, 707. The record must reflect that such a waiver was made by the defendant, so the question of whether an effective waiver was made can be reviewed even though no objection was made at trial. *See Cunningham v. State* (1982), Ind.App., 433 N.E.2d 405 (*trans. denied*). *Cf. Ford v. State* (1967), 248 Ind. 438, 229 N.E.2d 634 (When trial court induced defendant to waive right to jury trial, error need not be raised in motion for new trial in order to be considered on appeal). Therefore, Pier did not waive the issue by failing to object at trial, and we should determine whether his waiver was valid.

Looking at the surrounding circumstances, it appears that Pier waived his right to a jury trial in expectation of treatment as an alcoholic in lieu of prosecution and in reliance upon the trial court's determination that he was eligible for such treatment. *See,* IC 1976, 16–13–6.1–17 (Burns Code Ed., Supp.1982). The offer of treatment by the trial court to Pier for his waiver of a trial by jury did not as a matter of law exist. Pier had only an expectation of treatment with the assurance of the trial court that he was legally entitled to such treatment. Once the Department of Mental Health refused Pier's request for treatment, the legally impossible expectation offered by the

trial court ceased to exist; therefore, Pier's waiver of a jury trial was not valid.

Pier's expectations were rendered impossible through no fault on his part, unlike the defendant in *Perry v. State, supra,* who was accepted into the drug treatment program, but left it voluntarily, thereby forfeiting his right to a trial by jury. This Court considered a situation similar to Pier's in *Williams v. State* (1974), 159 Ind. App. 470, 307 N.E.2d 880 (*trans. denied*). In *Williams,* the defendant waived his right to a jury trial as part of a plea bargain which was never completed. When the State was unable to fulfill the plea bargain, Williams sought to withdraw his waiver, but the trial court refused to allow him to do so. We held that the trial court abused its discretion in failing to consider whether the waiver was predicated upon a promise by the prosecution. *Id.* Likewise, in this case, Pier executed a waiver as part of his request for treatment as an alcoholic which was certified by the trial judge. When his request was refused, his waiver was not valid. In the absence of a subsequent valid waiver, he is entitled to a new trial.

## II.
### Retroactive Effect of Amended Statute

In applying the general rule that the law in effect at the time the crime was committed controls, and statutes are to be given prospective effect absent clear legislative intent to the contrary, *cf. Berry v. State* (1974), 162 Ind.App. 626, 321 N.E.2d 207, the majority fails to consider the exception to that general rule which provides that an ameliorative sentencing provision may be applied retroactively. *Lewandowski v. State* (1979), Ind., 389 N.E.2d 706. The enactment of an ameliorative sentencing provision is, in itself, sufficient indication of legislative intent that it be applied to all persons to whom such application is possible and constitutional to overcome the general savings clause. *Id.* As amended, IC 1976, 9–4–1–54 (Burns Code Ed., Supp.1982) provides that only a prior conviction under that section occurring after June 30, 1978 will increase the severity of the offense from a

Class A misdemeanor to a Class D felony. This amendment became effective on September 1, 1981, more than three months before Pier's trial. Because the version of IC 9–4–1–54 in effect at the time of the offense provided that any prior conviction under that section would increase the offense severity from a misdemeanor to a felony, the amendment was clearly ameliorative. *See, State v. Turner* (1978), 178 Ind.App. 562, 383 N.E.2d 428, 430–31. Therefore, the statute in effect at the time Pier was convicted should have been applied.

For the foregoing reasons, I think that Pier should be granted a new trial. In addition, the amended version of IC 9–4–1–54 should be applied, subjecting Pier to prosecution for a Class A misdemeanor, rather than a Class D felony, on that count. Therefore, I dissent.