**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**CHRISTOPHER C. CRAWFORD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN D. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

FILED

Feb 20 2013, 9:23 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON A. MEJIA, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A03-1208-CR-346 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Dean O. Burton, Judge Pro Tempore
Cause No. 20D01-1206-FD-698

**February 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**ROBB, Chief Judge**

Case Summary and Issue

Jason A. Mejia appeals his conviction of failure to return to lawful detention, a Class D felony.[1] Mejia raises one issue: whether there was sufficient evidence to sustain his conviction. Concluding that there was sufficient evidence, we affirm the conviction.

Facts and Procedural History

On December 16, 2010, Corporal Dave Newland went to Mejia's place of employment to serve an arrest warrant on him. Corporal Newland waited in the manager's office as she went to retrieve Mejia. When Mejia arrived, Corporal Newland informed him that he had a warrant for his arrest and that "you're going to have to go with me today." Transcript at 30. Mejia asked Corporal Newland for permission to go get his coat. Corporal Newland agreed "as long as you don't give me any problems." Id. at 57. Mejia went to the end of the hallway, picked up his coat, paused, and after making eye contact with Corporal Newland, fled "in a full sprint" towards and through a door which was not usually used as an entrance or exit. Id. at 62. Mejia did not return to work. He was later charged with and convicted after a jury trial of failure to return to lawful detention, a Class D felony. Mejia now appeals.

---

[1] At first glance, court records seem to indicate that Mejia was convicted of the crime of escape. However, as the State correctly points out in its brief, he was in fact convicted of failure to return to lawful detention. The jury returned a verdict of "guilty of the crime of escape as a class D felony." Transcript at 265. Court records, including the case summary, amended information, and final order, similarly refer to a conviction of escape as a Class D felony. However, escape as a Class D felony involves violating a home detention order or removing an electronic monitoring device or GPS, Ind. Code § 35-44-3-5(b) (2008), which was not the case here. Escape from lawful detention is a Class B or Class C felony, Ind. Code § 35-44-3-5(a) (2008), while failure to return to lawful detention is a Class D felony, Ind. Code § 35-44-3-5(c) (2008). Further, the court records include the statute number for failure to return to lawful detention and the court instructed the jury on the elements of failure to return to lawful detention.

## Discussion and Decision

### I.  Standard of Review

Our standard of review for sufficiency claims is well-settled.  We do not reweigh the evidence or assess witness credibility for ourselves.  Boggs v. State, 928 N.E.2d 855, 864 (Ind. Ct. App. 2010), trans. denied.  We consider only the probative evidence and reasonable inferences supporting the verdict.  Id.  We consider conflicting evidence most favorably to the trial court's ruling.  Id.  It is not necessary that the evidence overcome every reasonable hypothesis of innocence; the evidence is sufficient if an inference may reasonably be drawn from it to support the verdict.  Id.  We will affirm the conviction unless no reasonable finder of fact could find the elements of a crime proven beyond a reasonable doubt.  Id.

### II.  Sufficiency of Evidence

Mejia argues that the evidence is not sufficient to sustain his conviction because he had not been arrested or placed in custody at the time he left his workplace.  He bases his argument on the assumption that he was convicted of escape, which is defined as intentionally fleeing from lawful detention.  Ind. Code § 35-44-3-5(a) (2008).[2]  However, as discussed in footnote 1, Mejia was in fact convicted of failure to return to lawful detention, which is defined as knowingly or intentionally failing to return to lawful detention following temporary leave granted for a specified purpose or limited period.

---

[2] This statute has since been repealed and recodified at Indiana Code section 35-44.1-3-4(a).  The definition remains the same.

3

Ind. Code § 35-44-3-5(c) (2008).[3]  Relevant to both crimes is the definition of lawful

detention:

> (1) arrest;
> (2) custody following surrender in lieu of arrest;
> (3) detention in a penal facility;
> (4) detention in a facility for custody of persons alleged or found to be delinquent children;
> (5) detention under a law authorizing civil commitment in lieu of criminal proceedings or authorizing such detention while criminal proceedings are held in abeyance;
> (6) detention for extradition or deportation;
> (7) placement in a community corrections program's residential facility;
> (8) electronic monitoring;
> (9) custody for purposes incident to any of the above including transportation, medical diagnosis or treatment, court appearances, work, or recreation; or
> (10) any other detention for law enforcement purposes.

Ind. Code § 35-41-1-18(a) (2008).[4]  The definition of lawful detention is very broad and

is designed to go well beyond the situation where a person is arrested.

The facts in this case—that Corporal Newland informed Mejia that he had a

warrant for his arrest and that he had to go with him—are sufficient for a finding that

Mejia was lawfully detained.[5]  That Corporal Newland did not handcuff Mejia or go

through the standard procedures of arresting someone have little bearing on the

conclusion that Mejia was lawfully detained.  See, e.g., Anglin v. State, 787 N.E.2d 1012,

1017 (Ind. Ct. App. 2003) (finding sufficient evidence to sustain an escape conviction

because defendant was lawfully detained when he was told by the trial court that he

---

[3] The new statute number is Indiana Code section 35-44.1-3-4(c).

[4] The new statute number is Indiana Code section 35-31.5-2-186(a).

[5] Mejia claims that the "facts of this case remain in dispute as to the extent of the contact between Mejia and Officer Newland." Appellant's Brief at 10. However, as a reviewing court, we do not reweigh the evidence or assess witness credibility for ourselves, and we consider conflicting evidence most favorably to the trial court's ruling. Boggs, 928 N.E.2d at 864. In any case, it is undisputed that Corporal Newland informed Mejia that he had a warrant for his arrest and that he had to go with him; that there was little contact between the two is irrelevant.

4

should wait in the hallway for the Sheriff's Department to come pick him up), <u>trans. denied</u>; <u>Pier v. State</u>, 446 N.E.2d 985, 989-90 (Ind. Ct. App. 1983) (finding sufficient evidence to sustain a conviction of attempted escape when defendant exited the car and walked away after he was informed that he was under arrest and told to sit in squad car). This conclusion is further supported by the fact that Mejia asked Corporal Newland for permission before going to get his coat, which indicates that he knew he was obligated to go with him.  And even though Mejia was granted a temporary leave for the specified purpose of obtaining his coat, he committed the crime of failure to return to lawful detention when he did not return and, instead, fled the premises.  <u>See</u> <u>Mesarosh v. State</u>, 801 N.E.2d 200, 203-04 (Ind. Ct. App. 2004) (finding evidence insufficient to sustain escape conviction but sufficient for lesser offense of failure to return to lawful detention when defendant fled after he was told that he was under arrest but allowed to leave to take his passenger home and move his truck).

## Conclusion

Concluding that there was sufficient evidence from which a jury could have determined that Mejia failed to return to lawful detention, we affirm the conviction, but remand the case for the limited purpose—with no hearing necessary—of correcting the court records, including the judgment of conviction, to accurately reflect the name of the crime Mejia was convicted of:  failure to return to lawful detention.

Affirmed and remanded.

MAY, J., and PYLE, J., concur.