CLIFF R. WADLINGTON *v.* STATE OF INDIANA.

[No. 2-474A103. Filed May 27, 1975. Rehearing denied July 10. 1975.]

*Frederick B. Robinson,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert E. Dwyer,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, J.—Appellant Cliff R. Wadlington (Wadlington) appeals from a trial court conviction of possession of a narcotic drug, claiming insufficient evidence, and that the trial court erred in overruling his motion for trial by jury.

We affirm.

## FACTS

The evidence and facts most favorable to the State are as follows:

Pursuant to an informant's tip that a Negro male named Domino was selling heroin in the vicinity of Talbot and 22nd Streets, Indianapolis, Indiana, three officers of the Indianapolis Police Department conducted a surveillance of the area at approximately 9:30 p.m., May 7, 1973.

Sergeant Glenn Morgan (Morgan) spotted the suspect (later identified as Wadlington) talking to a group of people at that location. After fifteen or twenty minutes, Wadlington proceeded to his car parked at 22nd and Pennsylvania Streets.

As the auto left the parking lot it almost struck a patrol car driven by police officer Sergeant Paul Harden (Harden), who then followed Wadlington to 21st and Pennsylvania Streets. There he observed Wadlington conversing with several persons parked in a car at that location and then observed him hand the car occupants an unidentifiable object and return to his own automobile.

Tires screeching, Wadlington then drove recklessly and at a high rate of speed south on Pennsylvania and was ultimately apprehended by Harden with the help of Morgan (who had also observed these events).

Harden approached the apprehended vehicle, ordered Wadlington out and requested identification.

While Harden was examining Wadlington's driver's license, Detective Charles Ezell (Ezell), the third police officer involved in the surveillance and subsequent chase, standing six feet from Wadlington, observed him turn slightly to the left and throw a cigarette pack to the ground. Ezell immediately retrieved the object and gave it to Morgan who found two aluminum foil packages ("bindles") containing a white powdery substance inside the wadded-up cigarette pack. (The substance was later determined to be a derivative of opium.) Wadlington was thereupon arrested, searched, informed of his rights, and taken into custody.

At the trial, all three police officers positively identified Wadlington as the suspect they independently observed under

surveillance and whom they later apprehended with heroin in his possession.

The procedural facts relative to denial of Wadlington's Motion for Jury Trial are set forth in the Decision.

The trial court found Wadlington guilty as charged, sentencing him to imprisonment for a period of not less than two (2) nor more than ten (10) years. Wadlington appeals that verdict.

## ISSUES

Wadlington's Motion to Correct Errors raises nine issues, three of which he has not argued in his brief and are therefore waived (Appellate Rule 8.3 (A) (7) ). The remaining six specifications of error he has combined into two issues which he does argue.

ISSUE ONE.    Did the trial court err in overruling Wadlington's motion for a trial by jury?

ISSUE TWO.    Was there sufficient evidence to sustain Wadlington's conviction of illegal possession of heroin?

As to ISSUE ONE, Wadlington contends that, although he initially waived his right to jury trial, his subsequent Motion for Jury Trial on the day of trial should have been granted by the trial court because of the important constitutional right involved.

The State responds by reminding Wadlington that he filed a written waiver of jury trial in open court, witnessed and approved by his own counsel, and did not move for a jury trial until the day of the trial itself, and the denial thereof was not an abuse of the court's discretion.

As to ISSUE TWO, Wadlington argues that there were certain conflicts in the testimony of the three police officers, specifically as to the reason he was apprehended, stopped, and subsequently arrested by them.

The State contends that this Court may not weigh the evidence or question the credibility of witnesses and the

differing motives for the initial stopping of Wadlington, and the fact that he was never charged with speeding or reckless driving does not detract from the overwhelming evidence supporting his conviction.

## DECISION

ISSUE ONE

CONCLUSION—It is our opinion that the trial court did not abuse its discretion by denying Wadlington's motion for a trial by jury.

The additional pertinent procedural facts are these:

Wadlington waived arraignment on May 11, 1973, and was released on bond. After he was granted several continuances, he filed on October 11, 1973, in open court, with his counsel present, a written waiver of jury trial, witnessed by his counsel.

"And afterwards towit Thursday, October 11, 1973, of said Court, before the Honorable John T. Davis, Judge Presiding, the following further proceedings were had herein towit:

"State by Daniel R. Hardt, Deputy Prosecutor, Defendant by counsel Edwin Ryan, motion for continuance Sustained. Re set for November 11, 1973, at 2:00 P.M.

"Defendant files Waiver of Jury Trial in open Court, which reads as follows:

"DATE    Oct. 11, 1973

"I waive trial by jury

"DEFENDANT    /s/  Clifton Wadlington
"WITNESS        /s/  E. J. Ryan"

After securing a further continuance Wadlington sought on November 15, 1973, the day of trial, to withdraw his waiver and moved for a jury trial. At the beginning of the trial his counsel stated:

"MR. RYAN: Judge, some time ago this gentleman waived a jury trial, and he has indicated he wanted a jury, and I don't know if the Judge would want to—he would like to go to trial by jury. He did waive jury some time back, but that was under the assumption that we could work this out and it appears now, I guess, that we can't. I am willing to try it anytime the Court wants to."

The court then denied the Motion.

An accused has a constitutional right to a jury trial (Ind. Const., Art. 1, § 13; United States Constitution, 6th and 14th Amendments), which right may be waived if done so in a voluntary, knowing and intelligent manner. *See, Brady* v. *United States* (1970), 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Estrada* v. *United States,* 457 F.2d 255 (7th Cir. 1972); *Lewis* v. *State* (1972), 259 Ind. 431, 288 N.E.2d 138; *Stevenson* v. *State* (1975), 163 Ind. App. 399, 324 N.E.2d 509; *Kindle* v. *State* (1974), 161 Ind. App. 14, 313 N.E.2d 721; *Williams* v. *State* (1974), 159 Ind. App. 470, 307 N.E.2d 880.

But an accused who has effectively waived his right to a jury trial has no constitutional right to withdraw his waiver any time he may see fit:

"The record is quite plain that the appellant had counsel and at the time appellant personally signed a written waiver of a jury trial. This is in the record. The appellant does not deny this. However, he claims he had a right constitutionally to withdraw, at any time he saw fit, his written waiver of a jury trial, even though made voluntarily, intentionally and knowingly. We feel this contention is so irregular and illogical that it would make judicial proceedings seem ridiculous to sustain such a contention." *Davidson* v. *State* (1968), 249 Ind. 419, 233 N.E.2d 173, 176.

The above-listed cases indicate it may be an abuse of the trial court's discretion to deny a defendant the right to withdraw such a waiver if it was signed unwittingly or involuntarily (*Brady, supra; Estrada, supra*); or if the signed waiver was induced by unkept promises emanating from plea bargain negotiations between the accused and the prosecutor (*Williams, supra*); or if advised by incompetent counsel (*Kindle, supra*).

Wadlington fails to bring himself within the rule of any of these cases.

The record here is far different from *Williams* v. *State, supra,* wherein appellant's counsel repeatedly informed the judge that the State had promised a "certain result in this

case" and had reneged on the "deal". If Wadlington signed a jury trial waiver with the promise of being convicted of a lesser crime or of receiving a lesser sentence pursuant to some agreement with the prosecutor, there is no indication of any such agreement in the record. Indeed, Wadlington does not even suggest this to be the case. Instead, he argues only that the right of an accused to a trial by jury is a valued constitutional right and should accordingly be liberally exercised in favor of a defendant.

He has shown no abuse of discretion by the trial court.

ISSUE TWO

CONCLUSION—It is our opinion that the evidence was sufficient to sustain the conviction of Wadlington for illegal possession of heroin.

Recitation of the evidence most favorable to the State indicates the strength of the evidence against Wadlington.

His suspicious conduct, including flight, was observed by police officers and Ezell, standing six feet from Wadlington, observed him drop the cigarette pack containing "bindles" filled with an opium derivative.

Finding no error, and deeming the evidence of sufficient probative value to sustain Wadlington's conviction, the trial court's judgment is hereby affirmed.

Sullivan, P.J. and White, J., concur.

NOTE.—Reported at 328 N.E.2d 458.