DAVID LEE LEWELLEN *v.* STATE OF INDIANA.

[No. 176S4. Filed October 14, 1976. Rehearing denied December 16, 1976.]

*Vernon E. St. John,* of Lafayette, *William M. Bache,* of Lafayette, for appellant.

*Theodore L. Sendak,* Attorney General, *Elmer Lloyd Whitmer,* Deputy Attorney General, for appellee.

ARTERBURN, J.—The Appellant, David Lee Lewellen, was convicted on April 8, 1975, of rape of a female child under the age of twelve years. Pursuant to statute, the Appellant was sentenced to life imprisonment on May 5, 1975. Ind. Code § 35-13-4-3 (Burns 1975). The Appellant filed his motion to correct errors on July 7, 1975. It is from the denial of this motion on October 17, 1975, that this appeal is taken.

The first contention presented by the Appellant is that the trial court erroneously admitted into evidence hearsay testimony directed to establishing venue. The victim in this case, Rebecca Fultz, testified that she and her younger sister were induced by the Appellant to get into his automobile. After identifying the Appellant and photographs of his car, the witness related her recollection of the drive to the scene of the crime. She then described the crime, committed at knifepoint. The witness's father, Gordon Fultz, subsequently took the stand. He testified regarding his reconstruction of the drive, as told to him by his daughters, which preceded the crime. It is this testimony which is presented as based upon hearsay.

Rebecca testified as to what she saw during the drive to the scene of the crime; a big red and gray and white gas station, a gravel road, a drive-in theater, a bake shop, a dead end road and a place where her father had taken her fishing before, at which place the crime occurred.

The witness's father testified that he took his daughters in his car and, as they related their recollections of the drive by the Appellant, drove to the scene of the crime. He then identified that location as being in Warren County. He identified along the road spots referred to by his daughter in her testimony in chief. In particular he said that at the "dead end road" there was a place where he had taken his daughter fishing and that it was in Warren County. The reference to the fishing spot by the daughter and the identification of it

by the father as being in Warren County was in itself suffi-
cient to fix the venue of the case. It would have been much
better for the father simply to have stated he heard his daugh-
ter's testimony on the stand and that he knows the places
testified to and the county in which they are located. How-
ever, the sum of the father's testimony substantially amounted
to this. We find there is no prejudicial error in this case
since there is no substantial conflict between what is claimed
to be hearsay and other evidence sufficient to fix venue
namely identifying the fishing spot.

The trial court thus did not commit reversible error in ad-
mitting this testimony into evidence. The Appellant's argu-
ment that the evidence establishing venue was insufficient
because it was based on the purported hearsay evidence must
therefore also fail. Testimony by individuals taken to the
scene of a crime by the victim which identifies that location
as being in a particular county and state is sufficient to
establish jurisdiction and venue. *See Oldham* v. *State,* (1967)
249 Ind. 301, 231 N.E.2d 791. The evidence presented by the
State that the crime in this case occurred in Warren County
was uncontradicted and was sufficient.

It is the uncontradicted nature of this evidence which makes
the Appellant's other allegation of error rather difficult to
understand. The Appellant contends that Benton Circuit
Court, which originally assumed jurisdiction over this case,
committed error when it transferred the case to Warren
Circuit Court. The Appellant originally had been charged by
affidavit with the commission of the offense in Benton County.
The prosecutor subsequently moved the Benton County Circuit
Court to transfer the case to Warren County Circuit Court
because "it has been determined that the offense charged
herein was not committed in Benton County, but that it was
committed in Warren County, Indiana." The appellant com-
plains that this motion was not verified and that it was
granted without proper notice or hearing.

Even if we accept the Appellant's objections as correct,
we can find no prejudice in what transpired in this case. The

Appellant properly points out that Article 1, § 13 of the Constitution of Indiana guarantees that an accused shall be tried in the county in which the crime charged was committed. Since this is precisely what happened in this case, it is difficult to see where the Appellant's rights were violated.

The argument makes even less sense when its particulars are explored. Ind. Code § 35-1.1-2-6 (Burns 1975) provides in part:

> *"Transfer of a case to proper county.*— (a) When it appears, at any time before verdict or finding, that the prosecution was brought in an improper county, the court shall order that all the papers and proceedings be certified and transferred to the proper court of the proper county, and, where necessary, order the sheriff to deliver custody of the defendant to the sheriff of the proper county."

The statute does not require that transfer of a defendant should be pursuant to a verified motion. Nor does it require that a hearing be held before transfer is ordered. The Appellant does not contend that his transfer to Warren County prevented adequate preparation of his defense. The Appellant thus presents neither procedural error nor prejudice.

Finding no error, we affirm the judgment of the trial court.

Givan, C.J., Prentice, J., concur; DeBruler, Hunter, JJ., concur in result.

NOTE.—Reported at 355 N.E.2d 412.

## ON PETITION FOR REHEARING

ARTERBURN, J.—The Appellant has filed a Petition for Rehearing contending that we overlooked a point properly raised on appeal, namely that there is a fatal variance between the pleadings, which allege a rape committed in Benton County, and the proof, which showed a rape committed in Warren County. The trial in this case was transferred from Benton County to Warren County, upon motion of the prosecutor, when it was determined that the crime in question was committed in Warren County. It is the contention of the Appel-

lant that the charge against him was never amended to read "Warren" rather than "Benton" County, and that this resulted in a fatal variance between the affidavit charging him and the proof at trial.

It is, in our opinion, implicit under the statute providing for transfer of a case such as here that the charge is accordingly amended as to venue when transfer is ordered. Ind. Code § 35-1.1-2-6 (Burns 1975). If such amendment automatically occurs, there is simply no variance present in this case. Under this analysis, the Appellant's argument is not only without merit, but has been waived. The claimed error was first raised in the Appellant's motion to correct errors. No objection on this ground was made when transfer was granted, nor did the Appellant's oral motion for directed verdict or his written motion for judgment on the evidence raise the variance issue. Since there is not a total failure of proof of venue, the Appellant has failed to preserve this issue for appeal. *Madison* v. *State*, (1955) 234 Ind. 517, 130 N.E.2d 35.

When it is assumed that there is a variance in this case, the Appellant's argument fails under traditional analysis. We have said previously that a variance to be fatal or material must be one which misleads the defendant in the preparation of his defense or of such a degree that it is likely to place the defendant in double jeopardy. *Majors* v. *State*, (1969) 252 Ind. 672, 251 N.E.2d 571; *DeBruler* v. *State*, (1965) 247 Ind. 1, 210 N.E.2d 666; *Roberts* v. *State*, (1964) 245 Ind. 185, 197 N.E.2d 304; *Madison* v. *State, supra*. The variance in this case, under the particular facts of this case, was not a material one.

The Appellant was in no way misled in the preparation of his defense. The prosecutor stated in his motion to transfer that the crime here had been committed in Warren County. The Appellant was aware of this before his trial. He was bodily transferred to Warren County and knew what the State would seek to prove at trial as to venue.

Nor is there any double jeopardy problem here. When it is said that a variance is material if it places the defendant in danger of double jeopardy, it is meant "that the charge must be sufficiently specific so that in any event after jeopardy has attached, if a second like charge is filed covering the same evidence, events or facts against the accused, the defendant will be protected." *Madison* v. *State, supra,* at 546. All the "evidence, events or facts" of this case place the rape in question in Warren County. It is difficult to see how a subsequent prosecution in Benton County, the transfer of the case being a matter of court record, could ever occur.

For the reasons stated, the petition for a rehearing is over-ruled and the judgment of the trial court is affirmed.

All justices concur.

NOTE.—Reported at 358 N.E.2d 115.