**Jack HOWARD, Defendant-Appellant,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–1181A290.**

Court of Appeals of Indiana,
Third District.

March 1, 1982.

Jere L. Humphrey, Chipman, Humphrey & Chipman, Plymouth, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Judge.

Jack Howard was charged with the murder of his wife "by slamming her head on or against a table with his hand." He was tried by jury. At the conclusion of the trial the court instructed the jury concerning a number of lesser included offenses, including criminal recklessness. These instructions were given without objection. The jury found Howard guilty of criminal recklessness and he was sentenced accordingly.

On appeal he asserts that *Humes v. State* (1981), Ind., 426 N.E.2d 379, which was decided six days after the verdict in his case, held that criminal recklessness is not a lesser included offense to a charge of murder. He contends that even-handed justice therefore requires that his conviction be set aside.

The statute defining felony criminal recklessness, IC 35–42–2–2(b) provides:

> "A person who recklessly, knowingly, or intentionally inflicts serious bodily injury on another person commits criminal recklessness, a Class D felony."

At the time Howard went to trial our Supreme Court had decided *Swafford v. State* (1981), Ind., 421 N.E.2d 596, 603 where the court stated that "there is no question that the lesser offenses of criminal

recklessness and battery were 'included' within the greater crime of murder, as it was alleged to have been committed in the charging instrument."[1] Then after his conviction but prior to sentencing the Court decided *Humes*.

Humes had been charged with attempted murder after he had shot at his victim three times, wounding him. He was convicted of attempted voluntary manslaughter and on appeal argued error in the court's refusal to give his tendered instruction on criminal recklessness. The Court found no error. It reached its conclusion upon two basic determinations.

First, it held that the attempt statute requires specific intent, while recklessness is an offense of general intent. Thus, there cannot properly be an offense of attempted recklessness.

Secondly, the court viewed the statutory language of "recklessly, knowingly or intentionally" in IC 35–42–2–2. It noted the essential element of recklessness which had concerned the legislature, and implicitly recognized the substantial overlap in the definition of offenses concerning injury to the person which would exist by giving primary force to the additional alternative statutory terms of knowingly or intentionally. It concluded that the intent of the legislature required that these terms be disregarded in view of the statutory scheme of the criminal code.[2]

The Court then stated:

"Since we have clearly held that our attempt statute can have application only to specific intent crimes, and there is no element of specific intent in the offense of recklessness, we hold that the offense of recklessness is not a lesser included offense of the crime of attempted murder and, further, that there can be no crime of attempted recklessness."

426 N.E.2d at 383.

While *Humes* was decided after the verdict was returned, Howard has presented it in his direct appeal and no argument has been made by the state that it does not apply. Generally speaking, it would appear that Howard is entitled to its benefit. *Linkletter v. Walker* (1965), 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; *United States v. Schooner Peggy* (1801), 5 U.S. 103, 1 Cranch. 103, 2 L.Ed. 49.

If Howard had objected to the giving of the instruction, it should have been refused. The question thus becomes one of the proper effect of his failure to object.

Howard asserts his conviction constitutes fundamental error under the doctrine of *Williams v. State* (1978), Ind., 383 N.E.2d 416; *Pinkler v. State* (1977), 266 Ind. 467, 364 N.E.2d 126; and *Swininger v. State* (1976), 265 Ind. 136, 352 N.E.2d 473. Those cases stand rather for the proposition that an accused cannot be convicted of *both* an offense and one of its included offenses upon one set of operative facts. Then the sentence for the lesser offense must be vacated on double jeopardy grounds.

That is not the situation before us, and while it might constitute fundamental error to convict Howard of an offense that under the evidence he clearly did not commit, that is not the situation before us either. No contention is made that Howard did not (in the language of IC 35–42–2–2(b)) inflict serious bodily injury on the person of his wife. Nor is it contended that under the evidence his conduct in doing so might have been found by a jury to be reckless. Rather the argument acknowledges that "no error turns upon any of the evidentiary facts at trial."

■ The purpose for the requirements concerning instructing juries on lesser included offenses is to provide due process to an accused by affording him notice of the charges he may be called upon to meet. He may then properly prepare his defense to those charges and may preclude the state from bringing in extraneous matters. He

---

1. The state had alleged murder by "shooting at or against the body of said William Robinson with a certain gun loaded with gunpowder and bullets."

2. *Compare Johnson v. State* (1981), Ind.App., 426 N.E.2d 91.

will then, also, be protected from double jeopardy. *Blackburn v. State* (1973), 260 Ind. 5, 291 N.E.2d 686; *Roddy v. State* (1979), Ind.App., 394 N.E.2d 1098.

 We see no reason why these notice requirements may not be waived. Ordinarily, of course, where no objection is made to an instruction, any error therein is waived and the law as given becomes the law of that case even if it is incorrect. *Jacks v. State* (1979), Ind., 394 N.E.2d 166; *Henderson v. State* (1979), Ind., 395 N.E.2d 224; *Murray v. State* (1866), 26 Ind. 141; Indiana Rules of Procedure, Criminal Rule 8(B). Furthermore, our decisions have generally held that an attack on the sufficiency of an indictment or information to adequately charge (give notice of) an offense will be waived if not timely made. *Obie v. State* (1952), 231 Ind. 142, 106 N.E.2d 452, *cert. denied* 344 U.S. 935, 73 S.Ct. 506, 97 L.Ed. 719; *Brown v. State* (1941), 219 Ind. 251, 37 N.E.2d 73; *Arnold v. State* (1974), 162 Ind. App. 402, 319 N.E.2d 697. The same is true where the accused belatedly asserts there was a material variance between the charge and the proof adduced at trial. *Lewellen v. State* (1976), 265 Ind. 483, 355 N.E.2d 412, 358 N.E.2d 115; *Anderson v. State* (1966), 247 Ind. 552, 217 N.E.2d 840; *Madison v. State* (1955), 234 Ind. 517, 130 N.E.2d 35.

Finally we note that Howard's argument would produce a curious effect concerning double jeopardy. Where the evidence was adduced at trial and the jury, without objection, was told that Howard might be convicted of criminal recklessness, there should be no doubt that jeopardy attached for that offense. *See* IC 35–41–4–3, 4. On the other hand, if he were to secure a reversal on the grounds that criminal recklessness was not an includible offense, there would appear to be no logical bar to a new prosecution charging that offense.

From the foregoing we conclude that any error in the giving of the instruction on criminal recklessness as a lesser offense was waived and that the conviction should be affirmed.

Affirmed.

HOFFMAN, P. J., concurs.

STATON, J., concurs in result.