**Walter SWEET, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 281S50.**

Supreme Court of Indiana.

Sept. 28, 1982.

Ronald R. Pritzke, Lineback & Lewis, P. C., Greenfield, for appellant.

Linley E. Pearson, Atty. Gen., Carmen L. Quintana, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant, Walter Sweet, was convicted by a jury in the Hancock Superior Court of eight counts of dealing in controlled substances. The substances involved were marijuana, cocaine and methaqualone. For his convictions, Appellant received three terms of twenty years each and five terms of four years each. The trial court ordered that each of these terms be served consecutively. Since Appellant was still on probation from a prior conviction, the trial court also ordered that Appellant's probation be revoked and that his cumulative sentence of eighty years be served in addition to the ten year term for which he had been on probation. Appellant now raises eight issues of error for our consideration in his direct appeal. Since we find reversible error according to the first issue presented, we will not consider the remaining issues.

The eight charges against Appellant in this case were based on eight "controlled buys" orchestrated by several undercover Indiana State Police officers. The "buys" were allegedly between Appellant and Danny Saunders, a paid police informant. The evidence shows that the purchases were made on six separate occasions between November 30, 1979, and February 7, 1980, and were made at two different locations. One of the eight charges, Count VI in the Information, was brought pursuant to Ind.Code § 35–48–4–10 (Burns Supp.1982). It charged as follows:

> "Dave Phelps, being sworn, on his oath, says that Walter Sweet on or about the 23rd day of January, 1980, at said County of Hancock and State of Indiana, did then and there knowingly deliver Marijuana, a controlled substance classified in Schedule I of the Indiana Uniform Controlled Substances Act, in an amount under thirty grams, *having a prior conviction of an offense involving Marijuana,* all of which is contrary to the form of the Statute in such cases made and provided, to-wit: Ind.Code 35–48–4–10, and against the peace and dignity of the State of Indiana." (emphasis added).

The record shows that in 1977, Appellant plead guilty to the crime of possession with intent to deliver a controlled substance, to-wit: marijuana.

On September 2, 1980, and prior to the commencement of his trial, Appellant filed a Motion for Severance. In said Motion, Appellant claimed he would be unduly prejudiced by having all eight charges against him tried together before the same jury. Instead, Appellant requested that at least one, if not more, of the eight charges be severed from the others and tried separately. Appellant's Motion was overruled and he was required to stand trial on the eight counts combined.

At the commencement of Appellant's trial, the trial court read to the jury each of the Informations in this case. Among the Informations read was the Information for Count VI, which specifically informed the jury that Mr. Sweet had been previously convicted of an offense involving marijuana. Subsequently, the State presented before the jury David C. Phelps, a State Police trooper, who testified to Appellant's prior arrest and conviction for possession of marijuana. By this witness the State was further allowed, albeit without objection, to

introduce into evidence certain judicial docket sheets reporting Appellant's guilty plea in 1977. Appellant never once testified during his trial suggesting that Appellant specifically desired to avoid making his character a material issue in this case. Pursuant to the trial court's Final Instruction No. 20, the jury was allowed to take the Informations into the jury room with them, thereby being reminded of Appellant's prior conviction while they deliberated. After the trial court accepted the jury's verdict and rendered its judgment, Appellant again raised the issue of the undue prejudice attendant to the eight charges being tried together. The trial court nevertheless denied Appellant's Motion to Correct Errors.

This is a case of first impression since neither this Court nor the Court of Appeals has ever before had the opportunity to consider the felony provision of Ind.Code § 35–48–4–10(iii). This section of Indiana's Penal Code specifically provides for the aggravation of a drug dealing offense from class A misdemeanor status to class D felony status when the person charged has previously been convicted of an offense involving marijuana or hashish. We note the similarity between Ind.Code § 35–48–4–10(iii) and the habitual criminal statute considered by us in *Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830.

In *Lawrence,* the defendant was charged by Information with safe burglary. In the same information, the defendant was also charged with being a habitual criminal since he had been previously convicted of at least two felonies. The jury was apprised of these facts in a fashion similar to the manner in which Count VI was presented to the jury in the instant case. We found in *Lawrence* that this procedure of informing the jury of a defendant's prior convictions before the jury has returned a guilty verdict on the alleged foundation charge unduly prejudices a defendant. Pertinent is the following language from *Lawrence:*

> "The admission or rejection of evidence is not a matter of judicial grace. It is a legal right. *Thomas v. State* (1958), 237 Ind. 537, 147 N.E.2d 577. To be admissi-

ble, evidence must logically tend to prove a material fact. *Stallings v. State* (1968), 250 Ind. 256, 235 N.E.2d 488. Accordingly, evidence of prior crimes is generally inadmissible in a criminal case, because it has no tendency to establish the guilt or innocence of the accused but, if effective at all, could serve only to prejudice or mislead or excite the minds and inflame the passions of the jury. *Rowe v. State* (1968), 250 Ind. 547, 237 N.E.2d 576. Evidence of prior crimes is admissible, however, if it is relevant to some issue in the case, such as intent, motive, knowledge, plan, identity, or credibility. In trials for sex offenses, evidence of prior convictions for similar offenses has also been admitted as tending to show a depraved sexual instinct. *Schnee v. State* (1970), 254 Ind. 661, 262 N.E.2d 186; *Burns v. State* (1970), 255 Ind. 1, 260 N.E.2d 559; *Meeks v. State* (1950), 249 Ind. 659, 234 N.E.2d 629; *Watts v. State* (1950), 229 Ind. 80, 95 N.E.2d 570; *Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210; *Gilman v. State* (1972), 258 Ind. 556, 282 N.E.2d 816; 2 Wigmore on Evidence, § 305. The admissibility of prior convictions in such cases is justified only by their relevance to the issues. The undesirable tendency to prejudice remains, but the overriding interests of the State in arriving at the truth prevails.

In the principal case no showing was made that evidence of the defendant's prior crimes was in any manner relevant to the safe burglary charge. Its sole relevance lay in its support of the habitual criminal charge."

*Lawrence v. State,* 259 Ind. at 309, 286 N.E.2d at 832. We further found:

> "It is highly improbable that twelve jurors can be found with sufficient mental discipline to compartmentalize the evidence. The more realistic view was advanced by this Court in the case of *Johnson v. State* (1969), 252 Ind. 70, 245 N.E.2d 659, 662, wherein it was stated:
>
> > 'The mental manipulation required by the present procedure would be difficult for one specially trained in the rules of evidence, and we would be less

than realistic to expect evidence of prior convictions not to influence the juror's determination of guilt or innocence on the principal offense.'

\* \* \* \* \* \*

It is difficult to see how the appellant could have received a fair trial on the safe burglary charge once the jury became aware of his prior convictions."

*Id.,* 259 Ind. at 311, 286 N.E.2d at 833. Accordingly, we held that in all habitual criminal cases, the habitual criminal allegation must be recited on a separate page of the information which will be presented to the jury only after the jury has rendered a conviction on the foundation charge. Further, the trial must be bifurcated such that the jury can first determine the defendant's guilt or innocence on the foundation charge without any knowledge of the defendant's prior convictions, before considering the habitual criminal charge. We held that no evidence pertaining to any previous convictions may be properly presented to the jury to establish a defendant's habitual criminal status before a conviction is rendered on the foundation charge. Subsequent to our findings and holdings in *Lawrence,* the General Assembly approved the habitual criminal procedure we dictated in *Lawrence* by adopting Ind.Code § 35–50–2–8 (Burns Supp.1982).

■ Appellant's 1975 conviction for an offense involving marijuana was not substantively related to any of the foundation charges lodged against Appellant. Appellant argues that his prior conviction could not properly be admitted at the onset of his trial to show his possible predisposition to commit the foundation crimes. This is correct since Appellant had not, at that time, raised the defense of entrapment and the State did not yet know whether or not such a defense would ever be raised. Accordingly, we find that all evidence which indicated Appellant's 1975 conviction was related only to the aggravation of Appellant's Count VI offense from class A misdemeanor status to class D felony status. Appellant was therefore prejudiced in his defense against the pending foundation charges by the admission of the evidence pertaining to his prior conviction. In fact, Appellant was even more severely prejudiced than was the defendant in *Lawrence.* This is because Appellant was not only prejudiced in the foundation charge of Count VI, but was also prejudiced in the seven other counts against him as well. We find, therefore, that it was reversible error for the trial court to require Appellant to stand trial on the charges combined as they were with Count VI as above set out.

■ We now hold that the principles made applicable to our habitual criminal charge by *Lawrence* are also to apply to all criminal charges which allege, pursuant to Ind.Code § 35–48–4–10(iii), that a person has been previously convicted of an offense involving marijuana or hashish. Specifically, the charging Information must be drawn in a similar fashion to that dictated in *Lawrence* and Ind.Code § 35–50–2–8. It must be drafted so that any allegations of any prior convictions must be on a separate page from the allegations for a foundation charge. The case must then be presented to the jury without any unjustified indication to them by the State that the defendant has been previously convicted. Of course, the State will always be justified in using evidence of a defendant's prior conviction for impeachment purposes or to refute a defendant's claim to good character. Accordingly, a bifurcated trial is required as it is the best procedure to insure that the jury remains uninformed about a defendant's prior convictions until the appropriate time. The determination of whether or not a drug dealing charge should be aggravated according to Ind.Code § 35–48–4–10(iii), therefore, must be made only if and after a conviction is rendered on the foundation charge.

■ Appellant's contention that all eight counts against him should have been served and tried separately is without merit. The eight charges all arose from activities conducted during a period of approximately two months and involved many ongoing and continuous transactions with the same undercover police officers and the same infor-

mant. For these reasons, we find that the trial court's decision to overrule Appellant's Motion for Severance and to conduct just one trial for the eight (8) combined counts constituted no manifest prejudice standing alone. We find error, however, in the fact that the trial court allowed the prejudice attending Count VI to also prejudice Appellant in each of the other combined counts. The trial court could have avoided this error by severing Count VI from the other counts or, in the alternative, by conducting a bifurcated trial.

The procedure employed in Appellant's trial was a patent denial of Appellant's constitutional right to due process. Appellant's convictions on all eight counts are therefore reversed and this cause is remanded to the trial court. A new trial on these charges is hereby ordered to be conducted in accordance with the provisions of this opinion.

GIVAN, C. J., and HUNTER and PRENTICE, JJ., concur.

DeBRULER, J., concurs in result.