Ronald A. SMITH, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 2-183-A-1.

Court of Appeals of Indiana,
Second District.

June 30, 1983.

---

Ralph Ogden, Wilcox, Ogden & DuMond, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

BUCHANAN, Chief Judge.

## CASE SUMMARY

Defendant-appellant Ronald A. Smith (Smith) appeals from a court conviction of operating a motor vehicle while intoxicated, a class D felony,[1] asserting that he was denied his constitutional right to trial by jury, that the court's finding of class D felony guilt was based upon insufficient evidence of his alleged prior conviction, and that, upon remand, the trial should be bifurcated as to the foundation charge and the alleged prior conviction.

We reverse.

## FACTS

The facts pertinent to this appeal are as follows: On December 21, 1981, an information was filed charging Smith with driving while intoxicated. Because the State alleged that Smith had a prior conviction under Ind.Code 9–4–1–54, the information charged Smith with a class D felony pursuant to the statute's mandate that a foundation charge is enhanced from a class A misdemeanor to a class D felony if the defendant has a previous conviction occurring after June 30, 1978.

On March 29, 1982, a pre-trial conference was held, and with Smith present in court, his counsel waived jury trial. The entire entry concerning that waiver is as follows:

"JUDGE: Alright how much time are you going to need for trial?

MR. CLARK: Whatever is convenient to the Court, a court trial.

JUDGE: He waives Jury, does he?

MR. CLARK: Yes sir.

JUDGE: Alright the defendant waives the request for a Jury."

1. Ind.Code 9–4–1–54 (1982).

*Supp. Record* at 1. There is nothing in the record disclosing whether Smith assented to the waiver, whether he understood its implications, or whether he even heard the conversation between the judge and trial counsel. However, a court trial was scheduled, and no further mention of the right to jury trial can be found in the record prior to the filing of Smith's motion to correct error.

At trial, the State produced testimony of one Patrick Tompkins (Tompkins) who identified his signature on an operating affidavit filed against Smith on March 13, 1981. Tompkins identified Smith as the accused alleged by the affidavit to have been driving while intoxicated. Subsequently, the State entered into evidence a certified copy of the affidavit which indicated the court's finding on the reverse side. That finding, signed by the judge on September 23, 1981, shows that Smith was found guilty as charged, fined, and placed on probation. *Record* at 72.

After proof on the instant charge, the trial court found Smith guilty of the class D felony, and the appellate process began. In addition to raising questions concerning the sufficiency of the evidence, Smith's motion to correct error asserted that he had been denied the right to trial by jury. Properly filed with the motion, pursuant to Ind. Rules of Procedure, Trial Rule 59(H) and Ind. Rules of Procedure, Criminal Rule 17, was Smith's verified affidavit asserting that he was unaware of his right to jury trial prior to conviction.[2] The State did not file a response, and the motion to correct error was denied.

## ISSUES

■ Three issues are presented for our review:

1. Was Smith denied his constitutional right to trial by jury?
2. Was the court's finding that Smith was guilty of a class D felony, rather than a class A misdemeanor, based upon sufficient evidence of the alleged prior conviction of driving while intoxicated?
3. Should, on remand, the trial court follow the procedures set forth in *Sweet v. State,* (1982) Ind., 439 N.E.2d 1144, for bifurcated proceedings?[3]

## DECISION

ISSUE ONE—Was Smith denied his constitutional right to trial by jury?

CONCLUSION—Smith's right to a jury trial was not waived in a voluntary, knowing, and intelligent manner; therefore, a new trial is required.

2. The complete text of Smith's affidavit is as follows:

"Ronald A. Smith, being first duly sworn upon his oath, states:
1. I am the defendant in this cause of action. I am a competent adult and have no legal disabilities which would render me ineligible to testify as a witness.
2. I have personal knowledge of each statement contained herein.
3. I did not know that I had a right to trial by jury until several days after my conviction, when I mentioned it to a co-worker, who asked me if I had a jury trial. I told him that I did not have the right to trial by jury in this kind of case, and he replied that I did. This was the first information anyone had ever given me to this effect.
4. After being sentenced, I retained Ralph Ogden of Wilcox, Ogden & DuMond to represent me in prosecuting an appeal. I asked him if I had the right to trial by jury, and he informed me that I did. This was the first statement I had ever heard from any judge or lawyer that I had a right to trial by jury in this kind of case.
5. At no point during any of the proceedings in this cause was I ever advised that I had a right to trial by jury, and at no point during these proceedings was trial by jury ever discussed.
6. If I had known that I had a right to trial by jury, I would have exercised that right. If the court grants my motion to correct errors, or if my appeal is successful, I would like to have the charge tried by jury."
*Record* at 25, 26.

3. Contrary to the State's assertion, Smith has not waived this issue by failing to include it in his motion to correct error. A motion to correct error is "addressed to those errors claimed to have occurred prior to the filing of the motion." T.R. 59(D)(1). Smith does not contend the trial court erred or rely upon *Sweet* as grounds for reversal, but merely urges we give it prospective effect in order to avoid error at his new trial.

Our point of departure is the case of *Good v. State*, (1977) 267 Ind. 29, 366 N.E.2d 1169, wherein our supreme court fashioned the procedure for waiver of jury trial. Writing for the court, Justice Pivarnik held that a valid waiver must be shown by "an assent by the defendant *personally, reflected in the record* before the trial begins either in writing or in open court." *Id.* at 1171 (emphasis supplied). It is Smith's position that his pre-trial waiver does not comport with the *Good* requirement because, although he was present in court, it was his counsel who asserted the waiver. However, we need not decide whether such a waiver by counsel in defendant's presence could satisfy the *Good* requirement of personal assent (*cf. Cunningham v. State*, (1982) Ind. App., 433 N.E.2d 405) because, despite the on-the-record waiver, uncontradicted evidence discloses that Smith's right to jury trial was not knowingly, voluntarily, or intelligently relinquished.

■ It is axiomatic that waiver of constitutionally protected rights may be accomplished only if performed in a voluntary, knowing, and intelligent manner. *See Brady v. United States*, (1970) 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Johnson v. Zerbst*, (1938) 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461. This principle applies no less to waiver of the right to trial by jury. *Wadlington v. State*, (1975) 164 Ind.App. 255, 328 N.E.2d 458; *Stevenson v. State*, (1975) 163 Ind.App. 399, 324 N.E.2d 509; *Williams v. State*, (1974) 159 Ind.App. 470, 307 N.E.2d 880, *trans. denied*.

The right to jury trial in criminal cases is one of the sacred cows long nurtured in the pasturelands of our legal system. G.K. Chesterton, in a few words, traces the wisdom of using a jury when an "awful matter" must be considered:

"Our civilisation has decided, and very justly decided, that determining the guilt or innocence of men is a thing too important to be trusted to trained men. It wishes for light upon that awful matter, it asks men who know no more law than I know, but who can feel the things that I felt in the jury box. When it wants a library catalogued, or the solar system discovered, or any trifle of that kind, it uses up its specialists. But when it wishes anything done which is really serious, it collects twelve of the ordinary men standing round. The same thing was done, if I remember right, by the Founder of Christianity." [4]

■ The affidavit filed with Smith's motion to correct error demonstrates that his waiver of jury trial fell far short of a full understanding of what he was waiving. That uncontradicted affidavit states, unequivocally, that Smith did not know he had a right to trial by jury until several days after his conviction and that it was not until he had retained appellate counsel that he learned a jury trial was available to him in his kind of case. *Record* at 25. Such evidence was properly before the trial court. As our supreme court explained in *Harris v. State*, (1981) Ind., 427 N.E.2d 658, 662,

"Indiana T.R. 59 and Indiana R.C.P. 17 both permit the filing of affidavits with the Motion to Correct Errors whenever errors are to be based on matters otherwise outside the record. A properly verified affidavit thus becomes part of the record under these rules. *If the affidavit is uncontradicted, the appellate court must accept its contents as true.*"

(Emphasis supplied) (citations omitted). And the court of appeals, in cases similar to this one, has allowed withdrawal of a jury trial waiver when affidavits filed with the motion to correct error demonstrated that the waiver was a result of unsuccessful plea negotiations, *Williams, supra*, or was obtained prior to consultation with counsel. *Stevenson, supra*.

We are faced with *undisputed* evidence that Smith did not knowingly or intentionally relinquish his right to trial by jury. Our search of the record reveals no evidence that Smith was advised of and understood his right to a jury trial. We recognize there is no constitutional requirement

---

**4.** *Quoted in* M. McNamara, 2000 Famous Legal Quotations 315 (1967).

that the trial court explain a defendant's jury trial rights to him;[5] however, had the record demonstrated that such an effort was made, Smith's affidavit would not be uncontradicted, and our result may well have been different. But when, as in this case, the defendant's assertion of uninformed waiver is uncontradicted by either the record of proceedings or any affidavits filed in response to the defendant's affidavit, we can only conclude that the waiver was not knowingly, voluntarily, or intentionally given. And our holding is so limited.

As in the *Stevenson* and *Williams* cases cited above, Smith's affidavit was properly before the trial court when it ruled on the motion to correct error. This is not a case in which a defendant has simply attempted to offer by affidavit evidence that he neglected to present at the prior proceeding. *See Collins v. Dunifon,* (1975) 163 Ind.App. 201, 323 N.E.2d 264. Smith could hardly be expected to assert his right in the absence of knowledge that a jury trial was available to him. Thus, the trial court abused its discretion in denying Smith's motion to correct error, and a new trial must be held.

ISSUE TWO—Was the court's finding that Smith was guilty of a class D felony, rather than a class A misdemeanor, based upon sufficient evidence of the alleged prior conviction of driving while intoxicated?

CONCLUSION—The evidence presented at trial was sufficient to support the trial court's decision.

■ Smith's argument that the State was required to introduce an order book entry to prove his prior conviction was explicitly rejected by our supreme court in the analogous setting of a habitual criminal proceeding. *See Collins v. State,* (1981) Ind., 415 N.E.2d 46, *cert. denied,* 451 U.S. 991, 101 S.Ct. 2331, 68 L.Ed.2d 851. And, although Smith is correct in his contention that Tompkins's testimony is not sufficient

in and of itself to prove the prior conviction, *see Morgan v. State,* (1982) Ind., 440 N.E.2d 1087, we are convinced that the certified copy of the court's finding, coupled with Officer Tompkins's testimony identifying Smith as the individual charged on the affidavit, is sufficient to prove his prior conviction beyond a reasonable doubt. As in *Collins, supra,* the document specifically recites that Smith was found guilty and was sentenced on the prior driving under the influence charge. The State met its burden of proof.

ISSUE THREE—Should the trial court, on remand, follow the procedures set forth in *Sweet v. State,* (1982) Ind., 439 N.E.2d 1144, for bifurcated proceedings?

CONCLUSION—Upon remand, the bifurcated information and trial procedures set forth in *Sweet* should be followed.

■ In *Sweet,* our supreme court examined the procedure for trying charges of dealing in marijuana, hash oil, or hashish under IC 35–48–4–10 (Supp.1981). Like the charge before us, the class A misdemeanor of dealing may be enhanced to a class D felony if the accused has a prior conviction of an offense involving marijuana, hash oil, or hashish. IC 35–48–4–10(iii).[6] The *Sweet* court found that, as in habitual offender proceedings, informing the jury of a defendant's prior conviction before a guilty verdict is returned on the alleged foundation charge unduly prejudices the defendant and denies him his constitutional right to due process. Therefore, the principles made applicable to habitual criminal charges in *Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830, were held to apply to all charges which allege that a person has been previously convicted of an offense involving marijuana, hash oil, or hashish:

"Specifically, the charging Information must be drawn in similar fashion to that dictated in *Lawrence* and Ind.Code § 35–

---

5. *See Kennedy v. State,* (1979) Ind., 271 Ind. 382, 393 N.E.2d 139, *cert. denied,* (1980) 444 U.S. 1047, 100 S.Ct. 737, 62 L.Ed.2d 734.

6. This portion of the statute was left unchanged when the statute was amended in 1982. *See* IC 35–48–4–10(b)(1)(c) (1982).

50–2–8. It must be drafted so that any allegations of any prior convictions must be on a separate page from the allegations for a foundation charge. The case must then be presented to the jury without any unjustified indication to them by the State that the defendant has been previously convicted.... Accordingly, a bifurcated trial is required as it is the best procedure to ensure that the jury remains uninformed about a defendant's prior convictions until the appropriate time. The determination of whether or not a drug dealing charge should be aggravated ... must be made only if and after a conviction is rendered on the foundation charge."

439 N.E.2d at 1147.

The statutory scheme for marijuana dealing drug charges dealt with in *Sweet* is virtually indistinguishable from the intoxicated driver provisions under which Smith was tried. Both statutes provide for enhancement from a class A misdemeanor to a class D felony upon proof of a previous similar conviction. And, as in *Sweet,* proof of Smith's prior conviction was allowed into evidence prior to the trier-of-fact's determination on the foundation charge. Were we to allow the trial court to follow the same procedure upon remand, Smith would be no less prejudiced than the defendant in *Sweet.* Therefore, the procedures set out in *Sweet,* and as further outlined in *Lawrence, supra,* should apply to class D felony charges under the intoxicated driver statute, IC 9–4–1–54, and must be followed at Smith's new trial.[7]

Reversed and remanded for a new trial to be conducted in accordance with the provisions of this opinion.

SHIELDS, J., concurs.

SULLIVAN, J., concurs in result.

7. We observe that the 1983 Indiana General Assembly has enacted Pub.L. No. 324–1983 (to be codified at IC 35–38–1–19, effective Sept. 1, 1983) to require bifurcated proceedings in all situations in which the penalty for an offense is increased upon proof of a prior conviction. *See* 2 WEST'S INDIANA LEGISLATIVE SERVICE 260 (1983). Thus, our holding today is in keeping with legislative intent.