**Floyd M. OURS, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 4-183A25.

Court of Appeals of Indiana,
Fourth District.

Aug. 30, 1983.

Marc E. Hawley, Hawley, Hudson & Almon, Mount Vernon, for appellant.

Linley E. Pearson, Atty. Gen., William E. Daily, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Presiding Judge.

Floyd M. Ours (Ours) appeals a Posey Circuit Court jury conviction for driving while intoxicated, a class D felony.

We reverse.

ISSUES

Because we reverse we need discuss only the following issue:

Did the trial court deny Ours his constitutional right to due process by admitting evidence of his other convictions for driving while intoxicated before the jury had returned its verdict on the primary charge?

FACTS

On April 22, 1982, New Harmony's town marshal (marshal) observed ·Ours driving through town with his bright lights on. One of his headlights was also burned out. As Ours and the marshal approached each other, the marshal flashed his headlights from bright to dim, but Ours failed to respond. The marshal turned his car around, followed Ours, activating his red lights and spot light. Ours stopped his car approximately a block and a half away from the place where their cars passed each other.

After the stop, the marshal took Ours into custody and transported him to the

Posey County jail. When they arrived, a breathalyzer test was administered.

DISCUSSION AND DECISION

Although he did not make such objection at trial, Ours now argues the trial court denied him due process by allowing the jury to know of his prior convictions for driving while intoxicated before it had returned its verdict on the current charge.

The State counters by asserting the issue is waived because no objection to such evidence was made at trial. We agree with Ours that its admission was fundamental error requiring reversal because he was denied due process by its admission.[1]

In *Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830 our supreme court held a defendant's right to due process was violated when the trial court allowed prior convictions to be admitted into evidence to show habitual criminal status along with evidence of guilt on the primary charge. *Id.,* 386 N.E.2d at 833–834. It later extended this principle to drug dealing escalated from a class A misdemeanor to a class D felony on the basis of a prior drug-related conviction in *Sweet v. State,* (1982) Ind., 439 N.E.2d 1144, 1146–47.

In *Smith v. State,* (1983) Ind.App., 451 N.E.2d 57, our Second District speaking through Buchanan, C.J., extending the *Lawrence, Sweet* rationale, said

> ... [I]nforming the jury of a defendant's prior conviction before a guilty verdict is returned on the alleged foundation charge unduly prejudices the defendant and denies him his constitutional right to due process.... The statutory scheme for marijuana dealing drug charges dealt with in *Sweet* is virtually indistinguishable from the intoxicated driver provisions under which Smith was tried.

*Smith,* at 61–62. The *Smith* court then went on to note the legislature has enacted a statute requiring "bifurcated proceedings in all situations in which the penalty for an offense is increased upon proof of a prior

conviction." *Smith,* at 62. Although that statute is not effective until September 1, 1983, our holding is consistent with legislative intent. The trial court committed fundamental error by admitting evidence of Ours's prior convictions for driving while intoxicated before the jury returned its verdict on the charge for which Ours was being tried.

Reversed and remanded for further proceedings consistent with this opinion.

MILLER and YOUNG, JJ., concur.

1. For this district's recent explanation of fundamental error, see *Williams v. State,* (1983) Ind.

App., 451 N.E.2d 687 at 688–689.