Danny FLETCHER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 18A04–8610–CR–318.

Court of Appeals of Indiana,
Fourth District.

March 25, 1987.

Rehearing Denied May 13, 1987.

Kelly N. Bryan, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Danny Fletcher appeals his convictions of battery, a class A misdemeanor, and illegal possession of a handgun, a class D felony. He raises the following issues for our consideration:

    1) Is the evidence insufficient to support his conviction on the handgun count for the reason that a variance existed between the date of his prior felony convictions as stated in the information and the date as proved at trial?

    2) Did the trial court's refusal to grant a bifurcated trial on the handgun count deny him due process?

We reverse and remand both counts for a new trial.

On February 2, 1986, Fletcher and his mother went to a couple of taverns. While out, they began arguing over his use of her car. A fight ensued, in which Fletcher hit his mother with his fist, kicked her, and hit her with a gun he had been carrying in his

boot. Fletcher was charged with battery and with illegal possession of a handgun. IND. CODE 35–47–2–1 states:

Except as provided in section 2 of this chapter, a person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, on his property or fixed place of business, without a license issued under this chapter.

The handgun charge against Fletcher was increased from a class A misdemeanor to a class D felony pursuant to IND. CODE 35–47–2–23(c), which provides:

A person who violates section 1 or section 22 of this chapter commits a Class A misdemeanor. However, the offense is a Class D felony if the person has a prior conviction of any offense under this subsection, or if the person has been convicted of a felony within fifteen (15) years before the date of the offense.

Fletcher contends the evidence is insufficient to sustain his conviction on the class D felony handgun count. Specifically, he claims a fatal variance existed between the date of his prior felony convictions as alleged in the information and the date as proved at trial. The amended information provided that Fletcher did

knowingly carry a handgun, to wit: chrome 25 Caliber automatic, on his person without a license having been convicted of a felony within fifteen (15) years, before the above date, to wit: in Madison County Superior III Court, Madison County, Indiana in cause numbers 3SCR–82–26–A and 3SCR–82–36 on or about the 25th day of May 1984[.]

(R. 43) At trial the state introduced testimony and docket sheets indicating that Fletcher had been convicted of robbery and attempted robbery, respectively, in cause numbers 3SCR–82–26A and 3SCR–82–36 on October 12, 1982.

■ Fletcher's objection to this evidence was based solely on his contention that bifurcated proceedings were required. He failed to object on the basis that a material variance existed between the charge and the proof adduced at trial. He therefore has waived this allegation of error. *Hobson v. State* (1986), Ind.App., 495 N.E.2d 741, 746; *Howard v. State* (1982), Ind.App., 431 N.E.2d 868. *See also Golden v. State* (1985), Ind., 485 N.E.2d 51, 57 (a party may not object on one basis at trial and on a different basis on appeal).

■ Even absent waiver, Fletcher has failed to demonstrate that he was misled in the preparation of his defense or subjected to double jeopardy because of the variance. *Manna v. State* (1982), Ind., 440 N.E.2d 473, 475; *Bates v. State* (1985), Ind.App., 486 N.E.2d 574, 577. The correct cause numbers were provided in the information, and Fletcher admits in his brief that on May 25, 1984 he was serving his sentence on those causes. In addition, where time is not of the essence, even though the information specifies the crime occurred on a specific date, the state may prove that the crime occurred at any time prior to the filing of the information and within the statutory period of limitations. *Hobson, supra* at 746. The state proved that the prior felony convictions occurred within the fifteen year period prescribed by IC 35–47–2–23(c). Hence, Fletcher's argument is unavailing.

Fletcher next contends that the trial court's refusal to grant him a bifurcated trial on the handgun count denied him due process. We agree.

In *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830, our supreme court held that a defendant's due process rights were violated when the trial court admitted evidence of prior convictions to establish habitual offender status before the jury had reached a verdict on the foundation charge. The court thus adopted a procedure whereby the state must list the prior unrelated felonies on a separate page of the information and must conduct bifurcated proceedings so that the jury will not receive evidence of the prior convictions before reaching a verdict on the foundation charge.

In *Sweet v. State* (1982), Ind., 439 N.E.2d 1144, the supreme court extended the bifurcation requirement to drug dealing cases in

which a prior drug-related felony conviction escalates a class A misdemeanor to a class D felony. The bifurcation requirement has likewise been extended to cases involving a charge of driving while intoxicated when the charge is escalated by a prior conviction. *Ours v. State* (1983), Ind.App., 452 N.E.2d 1073; *Smith v. State* (1983), Ind. App., 451 N.E.2d 57.

Although the bifurcation requirement has not specifically been held to extend to cases involving illegal possession of a handgun, our supreme court, in *Woods v. State* (1984), Ind., 471 N.E.2d 691, indicated its approval of such an extension by stating in *dicta:*

> In conducting phase two of the trial the court was responding to the policy that the jury not be exposed to a defendant's prior criminal record until it had rendered a finding on the principal issue of the crime charged. *See Lawrence v. State,* (1972) 259 Ind. 306, 286 N.E.2d 830.
>
> During the second phase, the State properly introduced evidence of the 1968 crime.

*Id.* at 692. We conclude the trial court violated Fletcher's due process rights by admitting evidence regarding his prior convictions before the jury reached a verdict on the foundation charge. The evidence regarding the prior convictions was relevant only to the escalation of the handgun charge from an A misdemeanor to a D felony; it was not otherwise admissible. It therefore was improper to allow the jury to consider the evidence when making the determination on the foundation charge and the battery charge.

Although the state asserts that any prejudice would not extend to Fletcher's battery conviction, we follow the supreme court's holding in *Sweet, supra* at 1147, that the defendant was prejudiced not only with regard to the escalated count but also with regard to all other counts which were tried with it. Accordingly, we reverse and remand both counts for a new trial, to be conducted in accordance with the provisions of this opinion.

MILLER and BUCHANAN, JJ., concur.