**Johnnie JONES, III, Appellant
(Defendant below),**

**v.**

**STATE of Indiana, Appellee.**

No. 985S379.

Supreme Court of Indiana.

Jan. 28, 1988.

**480** ■

Richard D. Gilroy, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Johnnie Jones III was convicted of one count of Robbery, a class B felony, and two counts of Confinement, also a class B felony. He received an eighteen (18) year sentence for the robbery conviction, and concurrent sentences of eighteen (18) years on each confinement conviction. These ran consecutively with the robbery conviction for a total sentence of thirty-six (36) years. Jones' Motion to Correct Errors was denied and he appealed directly to this court.

Jones raises the following issues on appeal:

1. trial court error in convicting and sentencing Jones for both robbery and confinement;

2. trial court error in failing to properly explain the aggravating and mitigating factors the court considered in sentencing Jones;

3. trial court error in denying Jones' request to withdraw his jury waiver; and

4. insufficiency of the evidence.

The facts most favorable to the verdict show that on December 17, 1984, Russell Allen was at home with his wife and two young children. They were watching television when a stranger knocked on a window and stated he hit Allen's car which was parked in front of the home. When Allen opened the door to see what happened, two men pushed their way inside.

One man was holding a gun, and struck Allen in the head with it. He was later identified as Jones. The intruders ordered the Allens to lie on the floor. They bound the Allens with duct tape and pointed the gun at them. They then ransacked the home and attempted to take certain valuables with them. However, a neighbor earlier observed the disturbance and called the police. The police arrived as the men were fleeing. Jones was forced to escape on foot while his accomplice drove away in a red Ford automobile.

**I**

■ Jones argues on appeal the trial court erred in convicting and sentencing him on both crimes of robbery and confinement. He claims the crimes are ostensibly the same because they arose out of the same chain of events, and thus his convictions and sentencing were violative of his Double Jeopardy rights pursuant to the Fifth Amendment of the United States Constitution and Indiana Constitution, Art. 1, § 14.

This issue has previously decided by this court adverse to Jones's position, in *Washington v. State* (1981), Ind., 422 N.E.2d 1218. Washington was convicted for armed robbery of a restaurant and the criminal confinement of three individuals who were the victims of the robbery. We held there that each crime required proof of an additional fact which the others did not, the double jeopardy provisions were not violated, and separate sentences were properly imposed for each. *Linder v. State* (1985), Ind., 485 N.E.2d 73; *Turner v. State* (1980), 273 Ind. 627, 407 N.E.2d 235; *Elmore v. State* (1978), 269 Ind. 532, 382 N.E.2d 893. The trial court properly sentenced Jones.

**II**

■ Jones also contends the trial court abused its discretion in requiring the sentences for robbery and confinement to run consecutively. He claims the court did not sufficiently articulate the reasons for aggravating his sentence beyond the presumptive ten year term for a class B felo-

ny. In *Abercrombie v. State* (1981), 275 Ind. 407, 417 N.E.2d 316, this court provided guidelines a court must follow in advising a defendant of his rights at sentencing. "First the sentencing court must make a record of the statement of the court's reasons for selecting the sentence imposed. Second, the sentencing judge must consider certain factors, and still other factors may be considered as mitigating or aggravating circumstances." *Id.* 417 N.E.2d at 318. *See also Pillow v. State* (1985), Ind., 479 N.E.2d 1301, 1305, *citing Tucker v. State* (1983), Ind., 443 N.E.2d 840.

The record shows that in response to defense counsel's request for leniency, the sentencing judge stated Jones received a lenient sentence for previous crimes, he committed this robbery "six months after getting out on parole," and his crimes all included use of weapons and bodily injury to his victims. The court stated Jones had previously been convicted twice of robbery, assault and battery with intent to kill, and burglary. He repeated these facts as reasons for aggravating Jones' sentence on the robbery conviction, and as to the confinement conviction, he noted prior unsuccessful attempts at rehabilitation and the risk that others would be harmed by Jones in the future. Clearly, the trial court acted within discretionary limits in aggravating Jones' sentences, and in requiring them to run consecutively. We find no error here.

### III

■ Jones asserts trial court error in refusing to allow him to withdraw his written waiver of his right to a jury trial immediately before his bench trial was to begin. Indeed the right to a trial by jury is a fundamental right guaranteed by the Sixth Amendment to the United States Constitution and the Indiana Constitution, Article 1, § 13. However, this right is subject to a knowing, voluntary, and intelligent waiver. *Boykin v. Alabama* (1969), 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. Jones argues the evidence was insufficient to show his written waiver was knowingly and intelligently executed. Jones states his waiver was not proper because he was not adequately assisted by his trial counsel and because the trial judge did not advise him as to what a jury trial consists of and what his waiver actually meant. He concedes it has been previously held that where a defendant in open court signs a written waiver, witnessed by counsel, the trial court is within its discretion to deny a motion for jury trial on the day of trial. *Wadlington v. State* (1975), 164 Ind.App. 255, 328 N.E.2d 458, 461. We have also held that a knowing, intelligent and voluntary waiver may be accomplished in writing. *Kimball v. State* (1985), Ind., 474 N.E.2d 982, 986. In addition, we have held that although it is preferable for the trial judge to advise a defendant of his right to a jury trial and the consequences of a waiver, such procedure is not required by the United States or Indiana constitutions, or by Ind. Code § 35-37-1-2 [Burns 1982]. *Earl v. State* (1983), Ind., 450 N.E.2d 49, 50. Like the defendant in *Earl*, Jones signed an express written waiver after having had time to consult with his attorney. He too is no stranger to the judicial system, having been convicted of numerous prior offenses, including felonies. Moreover, Jones cites nothing on which to base his claim defense counsel inadequately informed him of his rights other than the fact counsel stated Jones' desire to withdraw his waiver the day of trial. The trial court did not abuse its discretion in denying the motion.

### IV

■ Finally, Jones contends the evidence presented at trial was insufficient to convict him beyond a reasonable doubt of the crimes charged. Where sufficiency of the evidence is raised on appeal, this court will not reweigh evidence or judge the credibility of witnesses. We look to the evidence most favorable to the State along with any reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the verdict, it will not be disturbed. *Tyra v. State* (1987), Ind., 506 N.E.2d 1100, 1102.

■ The victims in this case, though not conclusively, did identify Jones at trial. They had the opportunity to view their

assailants for some time during the robbery. In addition, two witnesses testified they saw Jones run past them and jump a fence at the same time they heard a woman yell for help. They later identified Jones from a photographic lineup. Sheriff's Deputy Robert Trout testified he stopped Jones near the robbery scene and identified him at trial. Esther Madden testified that Jones admitted to having committed the robbery, and to having hit and tied up the victims. While there is some dispute as to the truth of Madden's testimony, that is a question for the jury to decide. Finally, Mr. Allen stated his assailants drove a red, late model Ford. Several items taken from Allen's home were found in a red Ford rented under Esther Madden's name. This evidence is clearly sufficient to convict Jones of the crimes charged.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.